9p 201
12J 340

## WEBB vs. BUMPASS.

1. Where a defendant pays the money to the sheriff on a *fi. fa.* he is discharged from the execution, and if the plaintiff fails to receive it, he must have recourse to the sheriff.

2. If the sheriff take goods in execution-under a *fi. fa.*, whether he sell them or not; the defendant shall not be liable to a second execution.

3. But'where a defendant taken on a *ca. sa.* escapes, or is rescued, —plaintiff may take out a new execution, and is not compelled to take his remedy against the sheriff.

4. So, where goods levied on by a *fi. fa.* are removed by defendant, or by his permission, or connivance, so that they cannot be sold under the execution, or under a *venditioni exponas*— the plaintiff may take out a new execution.

5. Where the sheriff makes a levy, he is liable to the plaintiff for the amount of the judgment, if the property be of sufficient value for that purpose, and it is the sheriff's duty to provide for its forthcoming at the day of sale; but if the property be carried away by defendant's connivance, the plaintiff cannot be referred to the sheriff for payment.

6. Plaintiff may, by statute, (Aik. Dig. 159,) have a second writ of execution, at his own cost and charges, if the first writ be not returned and executed.

7. In an action by the purchaser, for property sold under a second execution—such execution may be received in evidence, although the sheriff has in his hands a *venditioni exponas*, directing the sale of property levied on under the first execution.

8. In a return to an execution under which lands have been sold, it is not necessary to describe particularly the land sold—the identity of the property sold may be shewn by parol proof.

9. And it is no objection to an execution offered in evidence, that

9 P .      26

the sheriff's return does not describe the land levied on with minuteness.

Error to the Circuit court of Lauderdale county.

Trespass, to try title—tried before *Coleman,* J.

The plaintiff in error brought an action of *trespass* against the defendant, in the Circuit court of Lauderdale, as well to try title to a tract of land situate in that county, as to recover *damages for its occupation.* The case was submitted to the jury on the plea of "*not guilty.*"

On the trial, the plaintiff proved that in eighteen hundred and twenty-seven, he recovered a judgment against the defendant, on which a *fieri facias* issued, and was placed in the hands of the then sheriff of Lauderdale, who returned the same, with his endorsement thereon, as follows:

"A list of property given up by Gabriel Bumpass, to satisfy the within execution—five negroes, named Patsey, Drusilla, Daniel, Eliza, and Andrew Jackson, as the property of said Bumpass—9th April, 1828.

                          "M. HARKINS, Sh'ff."

It was also proved by the plaintiff, that a writ of *venditioni exponas* issued in due form, requiring the sheriff to expose to sale, the negroes levied on by the *fieri facias,* on which he made the following return:

" The negroes levied upon were suffered to remain in the hands of the defendant, who did not deliver them— 2d August, 1828.          M. HARKINS, Sh'ff."

The plaintiff then produced a writ of *fieri facias,* issued on the same judgment, on the twenty-sixth day of May, eighteen hundred and twenty-eight, which was placed in the sheriff's hands, and returned to him, as follows:

"Levied on a tract of land, upon which Gabriel Bumpass now lives, in Lauderdale county, adjoining Richard Baugh and —— ——, supposed to contain eighty acres —there not being a sufficiency of personal property to satisfy the debt; and after advertising the same according to law, sold John Webb, on the 4th day of August, 1828, at the price of three dollars *per acre*, he being the highest and best bidder at public sale.

"M. HARKINS, Sh'ff."

Which *fieri facias*, with the endorsement thereon, the plaintiff offered to read to the jury, to maintain the issue on his part; but on objection by the defendant's counsel, the same was excluded: and thereupon the plaintiff excepted, and now presents the questions of law arising on his bill of exceptions to this court for revision.

*McClung*, for the plaintiff in error.

COLLIER, C. J.—We do not understand that the writ of *fieri facias*, with its endorsement, was the only evidence offered by the plaintiff of his right to recover, but only that it was proposed, so far as it was pertinent to maintain the issue. He may have been prepared with the sheriff's deed, and such other evidence as was necessary to show that the particular tract of land embraced by it, is identical with that, on which the execution was levied.

It was said at the bar, that the evidence was rejected, because the first *fieri facias* having been levied on property sufficient to satisfy the judgment, the Circuit court supposed the second to be a nullity. It is clear, that if

the defendant pays the money to the sheriff on a *fieri facias*, he is discharged from the execution, and the plaintiff must bring his action against the sheriff. So, if the sheriff take goods in execution under a *fieri facias*, whether he sells them or not, yet, as they were taken from the party against whom the execution was sued, he may plead the taking in discharge of himself, and shall not be liable to a second execution—(See 2 Bac. Abb. 719, 720, and cases cited in notes.) But if a party taken on a *capias ad satisfaciendum* escapes, or is rescued, though the sheriff is made liable, because he ought to have called to his aid the *posse comitatus*, yet the plaintiff may take out any new execution, and shall not be compelled to take his remedy against the sheriff, who may be dead, or insolvent. And the law is the same, where goods levied on by *fieri facias*, are removed by the party himself, or by his permission or connivance, so that they cannot be sold under the execution itself, or under a *venditioni exponas*, issued on the sheriff's return—(2 Bac. Ab. 719; Cro. Car. 40, 455.)

There can be no doubt that the sheriff became liable, by his levy, to satisfy the plaintiff the amount of his judgment: the property was doubtless of sufficient value for that purpose, and it was the sheriff's duty to have provided that it should be forthcoming at the day of sale. The defendant is not, however, prejudiced by the sheriff's neglect, and cannot be permitted to refer the plaintiff to him for the payment of his demand. This would be to compel one who himself was in no fault, to commence a new action against another, who might be unable to respond to him, while the original debtor honestly owed

Webb *vs.* Bumpass.

the debt.　When the law shall recognise such a principle, it will cease to be respected as a science founded in the purest morality, but be regarded as uncertain as a game of hazard, whose capricious decisions often sacrifice the artless and *confiding*, to advantage the cunning and the knavish.

The Circuit court was not authorised to reject the execution and its return, because the sheriff, at the same time, had in his hands a *venditioni exponas*, directing the sale of the slaves levied on by the first *fieri facias*.　We have a statute which prescribes, "When any execution shall issue, and the party at whose suit the same is issued, shall afterwards desire to take out another writ of execution, at his own proper costs and charges, the clerk may issue the same, if the first writ be not returned and executed," &c.—(Aik. Dig. s. 2, p. 159.)　Here is a clear authority to issue a second execution, while the first is still in the sheriff's hands unsatisfied.

It was certainly no objection to the execution offered in evidence, that the sheriff's return did not describe with more particularity, the land levied on.　There is no statute, imposing upon the sheriff the duty of making a more particular description.　In Benjamin vs. Smith, (4 Wend. R. 462,) the court say it is not necessary in the return to an execution, by virtue of which lands have been sold, to describe, particularly, the land sold—and that it is competent to shew the identity of the property sold, by parol proof.

We have been thus particular, in considering every question, that could, by any reasonable probability, have suggested itself as an objection to the admission of the

evidence, in the Circuit court; because the case was submitted for our decision, without even a single suggestion on the part of the defendant in error.

Our conclusion is, that the judgment must be reversed, and the case remanded.