## HARRELL et al v. MARTIN, PLEASANTS & Co.

1. A writ of execution should be made returnable to the term of the Court next succeeding its *teste* when issued more than fifteen days previous to the return day of the next succeeding term ; but if issued when there is a less number of days, it should then be made returnable to the next succeeding term thereafter.

WRIT of Error to the Circuit Court of Madison.

This was a motion to quash a writ of *fi. fa.* sued out by Martin, Pleasants & Co. against Harrell and Jarman, on the 23d September, 1841, and made returnable to the Court to be held on the 4th Monday of April then next.   The Court refused to quash the writ, and the defendants in execution prosecute this writ of error, and assign the refusal as a cause for reversal.

MOORE, for the plaintiffs in error, insisted that the execution was irregular, as it should have been made returnable to the next succeeding term, which by law was the fourth Monday of October, instead of April, and cited Digest, 257, §1.

GOLDTHWAITE, J.—The only statute that prescribes when and how executions shall be made returnable was passed in 1807.   This directs that executions " shall be made returnable to the first day of the next succeeding term, so that there be always at least fifteen days between the teste and return of each of said writs.   *Provided,* That if the plaintiff shall desire an execution to issue returnable at a farther day, the Clerk shall issue the same accordingly, so as the day of such return be upon a Court day, within ninety days next after the teste thereof." [Dig. 257, §1.]

The provisions of this enactment are sufficiently clear until we come to the *proviso,* which is controlled by the term *Court day,* and of which it is necessary to ascertain the meaning before we can arrive at the intention of the act.   So far as our

statutes then existed they furnish no clue whatever to the meaning of this term, because our Court days were at intervals of more than ninety days from each other. We must then look elsewhere for its exposition; and this is found in the Virginia act of assembly of 1793, [1 Statutes at Large, N. S. 208,] from which this section of our statute is evidently copied, as it is the same, word for word, with the first section of that act. In that State the term *Court day* is perfectly well understood, and is to be found in many of the older statutes. By another act, passed in 1748, [5 Henning's Statutes at Large, 490,] the County Courts are directed to be constantly held upon days stated in the act, once in each month, and the act of 1794, [1 Statutes at Large, N. S. 310,] prescribes the same rule.

In Virginia, then, this *proviso* is perfectly operative, but here it can have no effect whatever, as we have no such Court days as the *proviso* refers to. It must therefore be rejected, as there is nothing of a similar description in our legislation which can give meaning to the term.

The section standing without the *proviso*, cannot be misunderstood—the execution must be returnable to the next succeeding term of the Court, if there are fifteen days between the *teste* of the writ and the return day of the next succeeding term. But if there is less than that number of days between the time of suing out the writ and the return day of the next succeeding term, then it can be made returnable to the next succeeding term thereafter. This results from the fact that there must always be at least fifteen days between the teste and the return day of an execution, and from the other circumstance that there can be no time when the plaintiff is not entitled to sue out some sort of execution if the judgment is alive and operative. Here the execution was sued out on the 23d day of September, when the next succeeding term was, by law, appointed for the fourth Monday in October. More than fifteen days consequently intervened between the teste of the execution and the next succeeding term. The execution, however is returnable to the fourth Monday in April, and therefore is irregular, and should have been quashed.

Judgment reversed and cause remanded.