## CHAMBERS v. STONE & POPE.

1. The quashing of an execution for irregularity, does not of itself set aside a sale of land made under it. Nor should the sale be set aside, if the purchaser, without notice of the irregularity, has paid his money, and obtained a deed. The *onus* of proving such notice, lies on the party making the motion.

Chambers v. Stone & Pope.

Error to the County Court of Mobile.

Motion in the court below, to quash an execution, and levy, and set aside the sale made thereon.

On the 14th June, 1836, one Porter recovered a judgment against Wm. D. Stone, for $1123 34, upon which an execution issued, and was enjoined by the Chancellor. On the 7th June, 1841, the Register certified that the injunction was dissolved, and on the same day an execution issued on the judgment, returnable to the 2d Monday in June, 1841. On the day it issued, the sheriff levied it on certain land of the defendant, and returned it, that the land was not sold for want of time. On the 23d June, a *venditioni exponas* issued, upon which the sheriff returned that he had sold the land to the plaintiff in error, for $650.

At the February term, 1842, a motion was made to quash the execution for irregularity, and to set aside the sale, which motion, at a subsequent term, was granted by the court. This is now assigned as error.

Stewart, for plaintiff in error, contended, that the statute requiring fifteen days, between the teste and return of the writ, was directory merely, but if it was an irregularity, the motion should have been made before the sale under the execution.

Further, that if the execution was quashed for irregularity, it did not affect the sale, which was good, although the execution might be quashed. He cited 3 Howard, Miss. Rep. 66; 2 Dun. P. 816; 9 John. 388; 3 Ala. R. 109.

Campbell, contra, to show that the execution was irregular, and properly quashed, cited 4 Ala. R. 650. He admitted, that the quashal of the execution would not affect a *bona fide* purchaser, who has paid his money, who has received a deed, and had no notice of the irregularity; and that it was incumbent on him to show these facts, a *prima facie* case being made against him, by showing the irregularity of the execution. He cited 4 Dana, 98; 8 Coke, 96, 143; T. Raymond, 73; Bing. on Ex. 265; 6 Porter, 432; 9 Id. 679; 2 Story's Eq. 715.

ORMOND, J.—The case of Harrell v. Martin, Pleasants & Co. 4 Ala. Rep. 650, is a conclusive authority, that the execution was irregularly issued, there being less than fifteen days between the teste and the return day of the writ, and that the court below acted correctly in quashing the execution.

It is admitted by the counsel for the defendant in error, that the quashing of the execution does not necessarily set aside the sale, and that if the purchaser acted in good faith, and in ignorance of the irregularity of the process, purchased the property, paid his money, and obtained a deed, that he should not be disturbed. The record is silent upon all these points, except, perhaps, that it may be inferred, from the return of the sheriff, that the purchase money has been paid— and the case, in this aspect, is narrowed down to the question, whether the purchaser must prove these facts to protect his purchase, or whether the *onus* is not cast upon the party seeking to invalidate the sale.

In our opinion, it cannot be assumed, that the purchaser who appears upon the record as a stranger to the judgment, was privy to the irregularity of the execution, nor, indeed, how he could have proved, that he did not have such knowledge. If, from any improper conduct on his part, the sale ought to be set aside, the proof should come from the other side. In the present aspect of the record, the sale appears to have been vacated in consequence of the execution under which it was made, being quashed for irregularity. This was not a sufficient reason for setting it aside, and the judgment of the court vacating the sale, must therefore be reversed, and the cause remanded. See Wyman v. Campbell, 6 Porter, 219; Bumpass v. Webb, 9 Porter, 201.