## STEWART v. MARSHALL.

A motion to set aside a sheriff's sale was filed in the district court during vacation and over fifteen months after the sale : held that the motion was made too late, and should have been overruled.

### Appeal from Lee District Court.

*Opinion by* GREENE, J.   Motion by Marshall to set aside sheriff's sale.   Motion granted by the district court.   This ruling is now assigned as error.

By the record it appears that Stewart & Pitman obtained a judgment before a justice of the peace, in August, 1849. After an execution was issued and returned, " no property found," a transcript of the judgment was filed with the clerk of the district court ; execution was issued December 4, 1849, and a levy made on lots one and two, in block thirty, in Keokuk, Iowa.   On this execution, lot one was sold to Vanorsdall, January 5, 1850, and the purchase money paid.   On the same day, Vanorsdall bid four hundred dollars for said lots one and two, on an execution sale from a judgment of his own against Marshall.   From this sale the lots were redeemed by Wm. Patterson, within the fifteen months limited by law.   But on the other sale a sheriff's deed was executed to Vanorsdall, April 21st, 1851, and afterwards, on the 25th of that month, a motion was made in vacation, on the motion-book of the district court, to set aside the sale.   This motion could not properly be noticed by the court, or the parties, until the following September term of the court, and does not appear to have been called up, and argued, till the January term, 1852. Exhibits and affidavits were admitted for and against the motion.   The facts established may show good grounds for relief, in equity, where all persons concerned are made parties to the proceeding ; and, indeed, good grounds for

relief at law, if the motion had been made with in a reasonable time. Nearly eighteen months had elapsed before the execution defendant gave notice of any objection to the sale, and during that period the property may have been, time and again, transferred from one innocent purchaser to another. After a party has slept so long upon his rights, after the purchase money has been paid and deed executed, after the legal title is vested, beyond redemption, in the purchaser, it would, we think, be a dangerous practice to entertain irregularities in the sale, upon a proceeding so summary and informal as a motion at law.

Other courts have decided that after the purchaser has paid his money and obtained a deed, it is too late for a motion to set aside the sale : 2 McLean, 64 ; *Blair* v. *Greenway*, 1 Browne, 218 ; *Chambers* v. *Stone*, 9 Ala., 260.

Believing it would be a dangerous precedent to entertain such a motion after the transfer has been perfected, we must reverse the proceedings at bar. If the execution defendent is entitled to relief, he can find it in equity.

Judgment reversed.

*J. M. Love* and *J. W. Rankin*, for appellant.

*S. T. Marshall* and *J. C. Hall*, for appellee.