## KELLY *vs.* McCAW.

[ACTION FOR DAMAGES FOR HAVING FRAUDULENTLY AND WRONGFULLY INDUCED SHERIFF TO DISCHARGE LEVY.]

1. *Action does not lie.*—An action does not lie to recover damages for the defendant's fraudulent and wrongful act in inducing the sheriff to release and discharge from his possession certain negroes, on which an execution had been levied in favor of plaintiff against a third person, and which defendant removed so that they could not afterwards be found; the defendant in execution being insolvent, and having no other property out of which said execution could be satisfied.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Hugh McCaw against James Kelly, and the second count of the amended complaint was as follows:—"The plaintiff claims of the defendant the further sum of $3,000, as damages caused by said Kelly's

having fraudulently and wrongfully induced the sheriff of Mobile county to release and discharge from his possession a negro man, named Dick, and a negro woman, named Matilda, which had been levied on, and were held by James F. Hutchisson, as sheriff of said county, to satisfy an execution issued on a decree. of the chancery court of the first district of the southern chancery division of the State of Alabama, on the 6th July, 1852, in favor of the said plaintiff, and against the goods and chattels, lands and tenements of Harvey Snow and Wm. M. McConaghy, for the sum of $7,269 35 debt, and $1 10 costs; which said negroes the said defendant removed, or caused to be removed and taken away, so that they could not afterwards be found. And said plaintiff avers, that said decree is still in force and unsatisfied, and that said Snow & McConaghy are insolvent, and had, at the time of said wrongful act of the defendant, no other property out of which plaintiff's said execution could have been satisfied."

The defendant demurred to the amended complaint, on the ground "that the facts alleged in it do not create any liability on the defendant"; but the court overruled the demurrer. This is the only error assigned.

E. S. DARGAN, for the appellant.—The complaint shows no cause of action. Admitting that the common law gives a remedy for every wrong that works an injury to another; yet, when a specific remedy is given, no other can be resorted to, in the absence of statutory provisions. Upon the facts stated in the complaint, the plaintiff has a clear remedy against the sheriff, at common law; and our statutes make it available against his sureties.—Webb v. Bumpass, 9 Porter; 2 Saunders, 130. Besides this remedy, a garnishment would lie against the defendant. There is, then, no necessity for resorting to an action which is unprecedented, and which was never attempted, except in the case of Barker v. Mathews, 1 Denio, 335; and there it failed. See, also, Lamb v. Stone, 11 Pick. 527; Wellington v. Small, 3 Cushing, 145; Platt v. Platt, 13 Iredell, 455. Besides, the wrong complained of was an immediate injury to the sheriff, who might, therefore, have compromised or released the cause of action. The plaintiff, then, is suing for a cause of action that belongs to

another.; and this is the distinction between this case and Yates v. Joyce, 11 Johns. 136.

R. H. Smith, *contra.*—It is a maxim of the law, that "where any wrong or damage is done to a man, the law gives him a remedy."—4 Burr. 185.  When cases are new in principle, legislative interposition is necessary to remedy the grievance; but where a case is new in the instance, and only requires the application of recognized principles, courts of justice are as competent to apply the remedy as they were two centuries ago.—3 Durn. & East, 63 ; 4 Comstock, 110.  The case at bar is only "new in the instance," while the principle upon which it rests is as old as the maxim above quoted.  The following principles are clearly deducible from the cases cited :—

1. That for every wrong, accompanied by an injury to another's rights, the law gives a remedy by action on the case. Cro. Jac. 694; Carthew, 3–4, cited in 6 Watts, 304; 2 Wend. 559 ; 1 Hall's (N. Y.) R. 210 ; 7 Pick. 542, 550 ; 27 Maine, 436 ; 7 Wendell, 229 ; 4 Comstock, 110 ; 11 Johns. 136 ; 8 Barbour, 518 ; 15 Ohio, 726 ; 6 Watts, 304 ; 2 Penn. 126; 8 Serg. & Rawle, 522 ; 2 Tyler's (Vermont) R. 11.

2. That the party is liable, though the act be done innocently, and without moral turpitude.—7 Pick. 542; 27 Maine, 436.

3. Especially when an act, from which an injury accrues to a third person, is *fraudulently* and wrongfully done.—1 Hall, 210 ; Carthew, 3–4.

4. That case is maintainable, though there be no connection or privity between the plaintiff and defendant.—Authorities cited in 1st paragraph.

5. That the action may be maintained, though the plaintiff has a remedy against another person in another form.—7 Pick. 550 ; 1 Hall, 210.

6. That it is not necessary, in order to maintain the action, to allege or prove a conspiracy between the defendant and the sheriff; nor to join the two in one suit.—7 Hill, 107 ; 7 Cowen, 445.

7. That it is not necessary, in order to maintain the action, that the plaintiff should have an absolute property in the subject-matter of the wrong : it is sufficient if he has a "valua-

ble right," of which he is deprived.—2 Barn. & Adol. 817 ; 2 Stephens' N. P. 1005.

The case of Barker v. Mathews, 1 Denio, 335, cited for the appellant, was a case of minor importance, and received but little attention from the court. It is contrary, in principle, to the whole learning of the profession, as shown by the above citations. It differs materially from the case at bar, in that it does not show that there was no other property liable to satisfy the execution. It has been dissented from, impliedly, in Marsh v. White, 3 Barbour, 518. It is predicated upon two ideas, which are equally vicious in law : 1st, that the plaintiff has no remedy against the defendant, because he has one against the sheriff ; and, 2d, that the plaintiff had no lien upon, or property in the goods.

RICE, C. J.—In Barker v. Mathews, 1 Denio's Rep. 335, it was decided, that the plaintiff in an execution, which had been levied upon personal property of the defendant in execution, could not maintain an action on the case against a wrong-doer for fraudulently and wrongfully taking such property out of the possession of the officer, and removing it and converting it to his own use. The ground of the decision was, that there was no precedent for the action, and that, as the law had already provided well-known and appropriate remedies for all parties in such cases, there was no occasion to devise a new one. The remedy of the plaintiff was against the officer, who was responsible to him for the value of the property levied on. The remedy of the officer was against the wrong-doer, who was responsible to him, at least to the same extent.

In Lamb v. Stone, 11 Pick. Rep. 527, it was decided, that an action on the case for the fraud of the defendant in purchasing personal property of the plaintiff's debtor, and aiding the debtor to abscond, in order to prevent the plaintiff from enforcing payment of his debt by attaching the property, or arresting the body of the debtor, cannot be sustained ; but that the proper remedy in such case is, to attach the property fraudulently conveyed, by the appropriate process.

Both these cases admit, that the court will adopt a new remedy, to prevent to prevent a failure of justice, or to enforce

the settled principles of law ; and that the plaintiff may
maintain an action on the case, whenever he shows that he
has sustained damage from the tortious act of the defendant,
for which the established forms of law furnish him no remedy.
Adams v. Paige, 7 Pick. R. 542 ; Griffin v. Farwell, 20 Ver-
mont Rep. 151. But they both maintain that, where the
plaintiff can have adequate redress by any of the forms of
actions known and practiced, " it would be unwise and unsafe
to sanction an untried one, the practical operation of which
cannot be fully foreseen." And in our judgment, a complete
answer is contained in the opinions of the court in the cases
above cited, to every argument which has been, or can be,
urged in support of the action brought by the present plain-
tiff. In one of them, the difference between an action for a
*conspiracy*, and such an action as the present, is pointed out ;
and the difference disposes of many of the authorities relied
on by the appellee.

By the seizure of personal chattels in execution, the sheriff
becomes liable to the plaintiff for their value, and acquires a
special property in them ; so that he may re-seize and sell
them, as well when he is out of office, as before, or may main-
tain an action against any person who takes them. "But
the general property, as well as the title, remains in the
debtor, until divested by the sale, or by some other legally
authorized proceeding or act ; clogged, it is true, with the
lien created by the levy." The sheriff cannot deliver the
chattels to the plaintiff, nor can he keep them to his own use,
although he pays the plaintiff out of his own proper money ;
for the authority by which he acts is to sell them, and bring
*the money* into court, or pay *it* to the plaintiff.——Eldridge
v. Spence, 16 Ala. R. 682 ; Wilbraham v. Snow, 2 Saund.
R. 47 ; Clerk v. Withers, 2 Ld. Raymond, 1072 ; 1 Salk.
323 ; Gibbes v. Mitchell, 2 Bay's Rep. 120 ; 8 Bacon's Abr.
706 ; Watson on Sheriffs, 191 ; Atwood v. Pierson, 9 Ala.
R. 656 ; Neale v. Caldwell, 3 Stew. R. 134 ; Webb v.
Bumpass, 9 Porter, 201 ; Bondurant v. Buford, 1 Ala. R.
359 ; Chenault v. Walker, 22 Ala. R. 275 ; Beatty v. Chap-
line, 2 Harris & Johns. 7 ; Walker v. McDowell, 4 Smedes
& Marsh. 118.

As the sheriff has the special property in the chattels levied

on, and occupies the relation above shown, if he brings trespass or trover against the wrong-doer for taking and removing them, and recovers their value, and obtains satisfaction, the recovery and satisfaction would certainly vest the title to the chattels in the wrong-doer, where their value was less than the sum necessary to satisfy the execution.—Spivey v. Morris, 18 Ala. R. 254; Story on Bail. § 94; Owners of Steamboat Farmer v. McCraw, 26 Ala. R. 204; 9 Bacon's Abr., Trespass, C. 457; Hare v. Fuller, 7 Ala. R. 717.

But, as the plaintiff has neither the special nor general property in the chattels levied on, and as he has the rights and the remedy above indicated, to allow him to maintain the present action, would be to give him the aid of the law to speculate upon the defendant's fraud. For, although he may in this very action recover the full value of the chattels levied on, and may obtain satisfaction, that recovery and satisfaction would not discharge the levy, nor vest any right, or title, or property, in or to those chattels, in the defendant, nor relieve him from liability to the sheriff for the identical fraud on which the plaintiff's recovery is rested. To sustain the present action, is to assert as law, that there may be two actions, two recoveries of full damages, and two satisfactions in full, against the same man, for the same matter, cause and thing, in favor of different plaintiffs. The law does not sanction any such violation of justice, even against a person guilty of a fraud. It provides a mode in which the plaintiff may be protected from damage, but does not enable him to convert the fraudulent conduct of the defendant into a source of profit. Its reasoning may seem to be artificial; but still, as it is the reasoning of the law, it must be regarded by the courts as conclusive.

Our opinion is, that the facts stated in the second count of the amended complaint do not entitle the paintiff to maintain the present action; and that, as that count does not show any cause of action against the defendant, the demurrer to it should have been sustained. For overruling that demurrer, the judgment is reversed, and the cause remanded.