## DUBBERLY vs. BLACK'S ADM'R.

[SUMMARY PROCEEDING BY SURETY AGAINST PRINCIPAL.]

1. *Averment and proof of issue of injunction.*—An averment, that the principal obligor in an injunction bond "obtained an injunction" from a circuit judge, involves the assertion that a writ of injunction was issued; but a recital in the bond, that he had "obtained an order for an injunction," does not show that the writ was issued.

2. *Statutory judgment on injunction bond.*—On the dismissal of a bill in chancery, and the consequent dissolution of the injunction, under the law which was of force in 1845, a statutory judgment resulted against the obligors on the injunction bond, notwithstanding the failure of the register to certify the dissolution of the injunction to the clerk of the court in which the judgment at law was rendered.

3. *Summary proceeding by surety against principal; when maintainable, and where instituted.*—A surety on an injunction bond, having paid the judgment against his principal and himself, which resulted by operation of law from the dissolution of the injunction, may maintain a summary proceeding against his principal, under section 2644 of the Code; and, under section 2650, the motion may be made in the county of the defendant's residence.

4. *Sufficiency of notice, in averring plaintiff's appointment and right to sue as administrator.*—Held, that the notice in this case showed with sufficient certainty the plaintiff's appointment as administrator, and that the cause of action appertained to him in his representative capacity.

5. *Payment of execution to sheriff after expiration of term of office.*—A sheriff has no authority, after he has gone out of office, to receive payment of an execution which he has returned; yet, if he receives the money, and pays it over to the plaintiff's attorney, by whom it is accepted as a payment, the payment is good, and the execution thereby discharged.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was commenced by a notice, which, as amended, was in the following words:

"To Allen Dubberly:—You are hereby notified, that *whereas* David Cannon heretofore, to-wit, at the October term of the circuit court of Montgomery county, on (to-wit) the 31st October, 1842, at (to-wit) in said county of Montgomery, recovered a judgment against you, the

13

said Allen Dubberly, for the sum of $343 50, and costs of suit in that behalf; *and whereas*, also, on the 16th May, 1845, you, the said Allen Dubberly, did file your certain bill in the chancery court of Montgomery, and did apply for, and obtain from Hon. George W. Stone, one of the circuit judges of the courts of common law for the State of Alabama, an injunction, restraining the said David Cannon from proceeding further to collect said judgment, and from proceeding in a certain action of ejectment then pending in the circuit court of Montgomery county, in favor of said David Cannon, and against you, the said Allen Dubberly; *and whereas*, also, you did, on the said 16th May, 1845, on your application for said injunction, execute your certain injunction bond, with Thomas Bradley, Andrew Dickey, and Ryal Black, as sureties on the same, in substance as follows ", &c., setting out a copy of the bond; "*and whereas*, also, at the July term, 1845, of the chancery court of Montgomery county, there was made the following order and decree", &c., setting out the decree dismissing the bill with costs; "*and whereas*, also, there issued from W. L. Coleman, the register of said chancery court of Montgomery county, to the clerk of the circuit court of said county, a certificate in substance as follows," setting it out; "*and whereas*, by reason of said injunction bond, and the dismissal of said bill in chancery filed by you against the said David Cannon, the said Thomas Bradley, Andrew Dickey, and Ryal Black, the sureties on said injunction bond, became liable by operation of law, as your sureties on said bond, to the said David Cannon, to pay him the said sum of money mentioned in said judgment at law, so recovered against you as aforesaid, on (to-wit) the 31st October, 1842, in the circuit court of Montgomery county, for the sum of $343 50, and interest thereon, with the costs of suit; *and whereas*, also, the said Ryal Black, on (to-wit) the 1st July, 1852, did pay to the said David Cannon the sum of $255, in part payment of said judgment so recovered against you as aforesaid; *and whereas*, afterwards, to-wit, on the 15th October, 1852, the

said Ryal Black did pay the said David Cannon the further sum of $376 93; the balance of said judgment and costs recovered against you as aforesaid by the said David Cannon : Now, therefore, you are hereby notified, that I, James W. Black, administrator de bonis non of the goods, chattels and credits which were of the said Ryal Black, deceased, at the time of his death, will move the circuit court of Macon county, on the first Saturday of said court, to be held for said county on the 9th April, 1856, for a judgment against you, for the several sums of money paid by the said Ryal Black, deceased, as aforesaid, to the said David Cannon, for you, and as your surety on said injunction bond, with interest thereon from the respective dates of said several payments before mentioned, and also for the costs of this motion."

The condition of the injunction bond, as copied into the notice, was as follows : "The condition of the above obligation is such, that whereas the above-bound Allen Dubberly has, the day and date above written, prayed for and obtained an order for an injunction, restraining the said David Cannon from proceeding further to collect a certain judgment described in said bill, and from proceeding in a certain action of ejectment, now pending in the circuit court of Montgomery county, in favor of said David Cannon, and against the said Allen Dubberly ; now, if the said Allen Dubberly, in the event the said injunction is dissolved, shall pay said judgment, and all damages and costs of suit, which may be adjudged complainant (?) for the wrongful obtaining his injunction, then this obligation to be void," &c. The chancellor's decree in the injunction suit was in these words: "In this case, it is ordered and decreed, that the bill be dismissed, with costs." The register's certificate to the clerk of the circuit court simply stated, "that the foregoing is a copy of the injunction bond in said case, and a copy of the order and decree rendered at the July term, 1845, of said court."

The defendant demurred to the notice, and assigned the following (with other) causes of demurrer : " because there

is no sufficient averment that an injunction did issue";
" because it does not show that there was any judgment
against plaintiff's intestate" ; "because there was no such
averment of payment as will sustain this proceeding";
" because this court has no jurisdiction of said proceeding";
"because the plaintiff's demand, if any he has, has become
stale, and is barred by the statute of limitations"; and
"because there is no sufficient averment of the plaintiff's
right to maintain the proceeding." The court overruled
the demurrer, and the defendant excepted; and issue was
then joined on the pleas of "the general issue and pay-
ment."

On the trial, as appears from the bill of exceptions, the
plaintiff read in evidence a certified copy of the record and
proceedings of the circuit court in the case of David
Cannon against Allen Dubberly, in which was included a
copy of the chancellor's decree in the injunction suit, and
of the register's certificate on the dismissal of the bill, as
above set out. The defendant objected to these portions of
the record, on the ground that they were mere secondary
evidence, and reserved an exception to the overruling of
his objections. To prove the payment of the judgment by
his intestate, the plaintiff introduced one Rutherford as a
witness, who was the sheriff of Macon county in 1848–49,
and who testified, that after he had ceased to be sheriff,
and had returned an execution issued on said judgment
against Dubberly and his sureties on the injunction bond,
Ryal Black paid him the money due on the execution, and
that he paid it over, for said Black, to the attorney of the
plaintiff in execution; and said attorney testified, that
he accepted the money, as attorney for Cannon, in
satisfaction of the execution. The defendant objected to
this evidence, on the ground that it was incompetent and
insufficient to prove payment; but the court overruled his
objections, and he excepted.

The defendant requested the court to charge the jury,
that the payment to Rutherford, when he was not the
sheriff, and had no execution in his hands, "did not sup-

Dubberly v. Black's Adm'r.

port the allegation of payment as set forth in the plaintiff's notice"; which charge the court gave, but with the qualification, "that if the money was received by Cannon's attorney as payment of the execution; the evidence of payment was sufficient"; and to this qualification of the charge the defendant reserved an exception.

The defendant also asked the court to charge the jury, among other things, "that the plaintiff, before he can recover, must show to their satisfaction that a writ of injunction did issue, restraining the enforcement of the judgment"; which charge the court also gave, but with the qualification, "that the recitals of the injunction bond, as copied in the transcript which was read in evidence, are evidence that a writ of injunction did issue"; and to this qualification of the charge the defendant excepted.

The overruling of the demurrer to the notice, the rulings of the court on the evidence, and the refusal of the several charges asked by the defendant, are now assigned as error.

GEO. W. GUNN, for appellant.

MARTIN, BALDWIN & SAYRE, contra.

A. J. WALKER, C. J.—In this case, a surety on an injunction bond, executed in 1845, proceeds by notice against his principal, to obtain a judgment for money paid by him as such surety. It is objected to the notice, that it fails to show that an injunction ever issued. The amended complaint expressly avers, that the plaintiff's principal obtained from a circuit judge an injunction. We think this averment involves the assertion that an injunction issued.—Ex parte *Greene v. Graham*, 29 Ala. 52; Const. of Ala., article 5, § 8. The same subject was presented in a charge requested. The court charged the jury, upon the defendant's motion, that the plaintiff could not recover, unless it was shown that an injunction actually issued. This charge was certainly correct, for there can be no liability upon an injunction bond, unless the injunction issues.—*Shorter v. Mims*, 18 Ala. 655. And if the surety paid the judgment, when

there had been no process enjoining it, he did it in his own wrong.

But, while the court gave the correct charge above stated, it added, that the recitals in the injunction bond were evidence of the issue of the injunction. In this we think the court erred. The bond does not recite that an injunction had issued, but simply that the complainant in the chancery suit had obtained an order for an injunction. The obtaining an order for an injunction from a proper authority, and the obtaining an injunction, are very different things. The rule of practice which was in force at that time, (Clay's Digest, 615, §. 27,) required, that the bond should be given in such sum, and with such condition, as the chancellor or judge might direct, before the injunction issued. Under this rule, the practice which was adopted, and which was obviously necessary, was for the judge or chancellor to order an injunction to issue, upon the execution of a bond, with prescribed condition and penalty, and the injunction was issued after the giving of the bond. If the injunction had issued before the bond was given, the rule would have been violated. It is obvious that the recital of the bond in this case shows nothing more than that it was given, in conformity to the rule of practice, after the *fiat*, or order for the injunction.

[2–3.] The objection taken by demurrer, that this proceeding could not be instituted in Mason county, is untenable. Section 2650 of the Code authorizes the making of the motion in the county of the defendant's residence. If an injunction issued in 1845, and the bill was afterwards dismissed in the same year, (the injunction being thereby dissolved,) a statutory judgment against the obligors in the injunction bond resulted, notwithstanding the register may have failed to issue to the clerk of the circuit court a certificate of dissolution of the injunction, as required by the act of 1841.— *Wiswall v. Munroe,* 4 Ala. 9. This statutory judgment, thus resulting, would be a judgment rendered against a surety, within section 2644 of the Code; and the surety, having satisfied the judgment, would have a right to proceed by notice, as is done in this case.

[4.] We think the cause of action is sufficiently shown by the notice to have appertained to the plaintiff in his capacity of administrator.— *Watson v. Collins' Adm'r, 37 Ala.* We think, also, that the notice sufficiently avers that the plaintiff was the administrator of the estate.

[5.] After Rutherford, the witness, had ceased to be sheriff, and had returned the execution, his authority, *virtute officii,* to receive payment of the execution, was gone. But the money paid to Rutherford was handed over to the plaintiff's attorney as a payment, and seems to have been so accepted. This fact makes the payment good, and, notwithstanding Rutherford's want of authority, would discharge the execution.

Care in the procurement of the proper evidence will avoid the other questions presented by the rulings upon the admissibility of testimony, and we therefore do not notice them in this opinion.

Reversed and remanded.