# Henderson *v.* Planters & M. Bank of Ozark

*Petition to Supersede Execution, and to Vacate and Annul Judgment.*

(Decided June 29, 1912. 59 South. 493.)

1. *Audita Querela; Proceeding; Judgment; Vacation.*—The proceeding to supersede the enforcement of an execution, and to vacate the judgment on which it is founded is a substitute for the ancient writ of audita querela, and such proceeding will generally lie in cases in which the writ would lie at common law.

2. *Supersedeas; Annulment of Execution; Evidence.*—In a proceeding by supersedeas to quash an execution and vacate the judgment on which it issued, matters operating as an equitable satisfaction of the judgment may be inquired into, but matters which go behind the judgment are not competent.

3. *Same; Pleading.*—A proceeding by supersedeas to vacate an execution and annull a judgment is in the nature of a bill in equity, but does not require the same strictness of pleading.

4. *Same; Jury Question.*—The evidence examined and held to require the submission to the jury of the questions whether an execution had been issued, and was in the hands of the sheriff when certain alleged payments were made to him, and whether the judgment creditor had authorized the sheriff as its agent to collect from the debtor the amount of the judgment, independent of the issuance of an execution.

5. *Judgment; Payment; Persons Entitled to Receive.*—Payment of a judgment in order to operate as a release or satisfaction, even pro tanto, must be made to the plaintiff, or to some person authorized by him or by law to receive it, except as to joint judgment, or those assigned.

6. *Same; Authority of Officer.*—An officer is not entitled to receive payment of a judgment before execution issues, nor after the

[Henderson v. Planters & M. Bank of Ozark.]

return day thereof; hence, if he receives payment when he has no execution in his hands, he acts in his private capacity only, and such payment is inoperative unless ratified or accepted by the judgment creditor.

7. *Attorney and Client; Authority   Satisfaction of Judgment.*— An attorney retained to collect a debt by suit or to prosecute a demand, has authority to receive payment of the judgment when recovered, and until defendant has notice of a revocation of such authority, he will be entitled to credits for payments made to such an attorney; but an attorney has no power to satisfy a judgment without payment in full in money, and if he takes less than the entire amount, or receives anything else than money. plaintiff is not bound in the absence of special authority to that effect.

8. *Execution; Force; Combination.*—Where a judgment has been satisfied by a payment, an execution issued thereon should be treated as also satisfied.

9. *Same; Validity; Satisfied Judgment.*—An execution issued on a satisfied judgment of which satisfaction no entry is made of record is not void but voidable only.

10. *Same; Satisfaction; Return.*—Payment by a sheriff of an execution in his hands is a satisfaction of it, if the parties so elect to treat it though no satisfaction is entered of record.

11. *Same; Payment to Sheriff; Authority.*—A sheriff has no authority, after the end of his term of office to receive payment of an execution which he has returned, though, if he receives the money and pays it over to plaintiff's attorney by whom it is accepted as a payment, the payment will be good, and the execution thereby discharged.

12. *Same; Payment to Sheriff; Effect.*—Payment of money on a judgment to a sheriff having an execution satisfies it, and if the judgment creditor does not receive it, his only remedy is against the sheriff.

13. *Same; Satisfaction; Levy.*—A levy and seizure of goods to satisfy an execution is a satisfaction thereof to the extent of the value of the goods, as to the defendant in execution, and if they are lost or wasted by the sheriff, the plaintiff's remedy is against the sheriff.

14. *Same; Issuance; Clerk's Duty.*—The words "unless otherwise directed' as used in section 4079, Code 1907, means unless otherwise directed by the court rendering the judgment, and the issuance of the execution being a purely ministerial act, may be delegated orally.

15. *Appeal and Error; Evidence; Prejudicial Error.*—It is not proper to exclude competent and relevant evidence, and its exclusion cannot be justified on the theory of error without injury.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition by J. E. Henderson directed to the Planters & Merchants Bank of Ozark to supersede the enforce-

ment of an execution, and to vacate and annul the judgment on which it was founded. From a judgment denying relief petitioner appeals. Reversed and remanded.

RILEY & CARMICHAEL, and W. W. SANDERS, for appellant. No brief reach the Reporter.

J. E. Z. RILEY, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This is a proceeding instituted by appellant to supersede the enforcement of an execution and to vacate and annul the judgment upon which it is founded, upon the ground that the judgment has been paid and satisfied. The proceeding in this state is a substitute for the ancient writ of audita querela.

In the case of *Thompson v. Lassiter,* 86 Ala. 540, 6 South. 33, it is said: "In our practice, the proceeding by supersedeas is substituted for the writ, and generally will lie in the cases in which writ of audita querela would lie at common law. Matter which operates an equitable satisfaction of a judgment may be inquired into by this proceeding, and an execution issued to enforce the judgement may be superseded and vacated; but matters which go behind the judgment cannot be inquired into.—*Br. Bank of Mobile v. Coleman,* 20 Ala. 140; *Mervine v. Parker,* 18 Ala. 241."

The proceeding, with us is regarded as one in the nature of a bill in equity, but not to require the same strictness of pleading.

Appellee obtained a judgment against appellant for $6,514.20. The judgment was obtained at the spring term of the circuit court of Coffee county, which was held at Enterprise. The date of the judgment was February 22, 1910.

It is shown without dispute that appellant paid $3,-000 on October 10, 1910; paid $1,000 on October 19, 1910; and paid $1,070.40 on January 31, 1911.

The matter in dispute is as to several payments which appellant claims to have made to the sheriff of Coffee county, and for which he holds the sheriff's receipts. The sheriff seems to have absconded; he could not be had as a witness, nor could his deposition be secured. Only one execution or copy thereof could be found, and that appears to have been issued January 27, 1911; and it contains only, as credits, the $3,000 and $1,000 payments above mentioned.

Appellant claims, however, that he paid to the sheriff on this judgment $100 on the 7th of March, 1910; $528 on the 21st of March, 1910; $500 on the 11th of June, 1910; and $500 on the 19th of August, 1910. Each and all of these payments are disputed. The appellant, however, testified positively as to the payment of each of said amounts, and produced the sheriff's receipt therefor; but it is claimed by the appellee that such alleged payments would not be binding on it nor chargeable as payments on the judgment, because it is not shown that the sheriff held an execution in his hands at the times the payments were made, and that it is not shown that an execution had issued on this judgment when the sheriff received the payments, and that it is not shown that the sheriff had any authority, as agent for the plaintiff in judgment, to receive the payments.

Search was made, but no corresponding execution, prior to these dates, could be found; and the clerk's and the sheriff's books and records failed to show the issuance or the existence of any execution at the times of the alleged payments. The plaintiff testified, however, that the sheriff did have such an execution in his hands, at the times of the payments; and that he

told appellant, at the time of the payments, that he did have such an execution; that appellant saw the paper, but did not read it, and therefore did not know, of his own knowledge, the contents thereof. He also testified that the sheriff told him, at the time he made the payments, that the appellee, the plaintiff in the judgment, had instructed the sheriff to collect this money.

The appellant, as a witness, testified, among other things, as follows: "Yes, at the time Mr. Knight came to me for this money, he told me what he was collecting it for. Yes, he had the execution in his hand. He told me that Mr. Sessions (an officer of the Planters' & Merchants' Bank of Ozark) had phoned him to collect a part of that judgment against J. E. and W. E. Henderson. Yes, after he told me this I would instruct the payments made by my bookkeeper. Yes, I recollect a conversation I had with Mr. Knight in reference to the collection of this judgment that he held, which conversation took place when one of those payments were made. At the time this conversation took place, we were in my office, and I requested Mr. Knight to leave the execution there in the office and mark those credits upon the execution at the time and as I would pay them. He replied to this, 'No, I will issue you a receipt every time you make a payment, as I have to have a copy of the execution for my office files.' He said he would write a receipt every time money was paid on it. Yes, I say that Mr. Knight had the execution in his hand at that time. I do not know where Mr. Knight is at this time. Yes, I have made an effort to get Mr. Knight here. He left here during last court and after court had been called. I think it was Monday or Tuesday of the last term of the court here when he left. He left about the time this case was called for trial."

The appellant, also in order to show authority for, or a ratification of, the payments made to the sheriff, introduced in evidence a letter from the attorney of appellee, plaintiff in judgment. This letter was as follows: "Ozark, Ala., Dec. 14th, 1910. Mr. J. E. Henderson, Enterprise, Ala.—Dear Sir: I have agreed with Mr. Jim Knight that if you will send me New York Exchange for one thousand nine hundred and eighty-six dollars and ninety-eight cents ($1,986.98) by tomorrow afternoon's mail that we will wait for the other nine hundred dollars which is to bear interest until Dec. 28th, this year, this agreement does not hold if this amount is not received by tomorrow afternoon's mail. Yours truly, J. E. Z. Riley."

The trial court, on appellee's motion, excluded all of appellant's evidence, including that we have set out, and gave the affirmative charge for appellee. We think there was reversible error in this action of the court. This, as we have shown, is an equitable action, and under the evidence in this case it was open for the jury to infer that an execution had been issued, and was in the hands of the sheriff when the plaintiff made the disputed payments, or claims that he made them. While the fact that the execution could not be found and the dockets showed no issuance of execution is a strong circumstance to show that none was issued, and therefore none could have been in the hands of the sheriff, yet one may have issued and may have been in the hands of the sheriff, under the peculiar proof shown in this case. The sheriff had absconded, and may have carried the writ with him, to shield himself and his bondsmen; and the deputy clerk, who could have issued the writ and probably did so, if in fact one was issued, was dead. It was also open for the jury to infer that plaintiff in execution had authorized the sheriff to collect

the judgment. And so, of course, it was error to exclude this evidence, or to direct a verdict against the petitioner.

Payment of a judgment, to operate as a release or satisfaction, even pro tanto, must be made to the plaintiff or to some person authorized by him, or by law, to receive it. There are, of course, exceptions as to joint judgments, those assigned, etc., not necessary to be here noticed.

It has been held that an attorney employed or retained to collect by suit, or to prosecute, a demand, has, by virtue of his employment, authority to receive payment of the judgment when recovered; and, until the defendant has notice of a revocation of such authority, he will be entitled to credits as to all payments made to such attorney.— Freeman on Judgments, § 462. But the attorney has, by virtue of his general employment, no authority to satisfy a judgment without payment of the full amount in money; and if he compromises, by taking less than the entire amount, or by receiving anything else than money, the plaintiff is not bound, in the absence of special authority to this effect.—Freem. Judg. § 463.

If a judgment is satisfied by payment thereof, the writ or execution issued thereon to enforce payment should be treated as also satisfied. To satisfy a judgment or execution by payment, the payment must be made to the proper party, person, or officer. On this subject, Mr. Freeman, in his work on Execution (volume 3, § 442, pp. 2368, 2369) says: "The first question in regard to payment made by or for the defendant is this: To whom may the payment be made? The answer is, that it may be made to the plaintiff, or to one of several plaintiffs, or to the officer holding the writ, or to the plaintiff's attorney, except where the defend-

[Henderson v. Planters & M. Bank of Ozark.]

ant knows that the attorney has no authority to re-
ceive it, or to a prochein ami, or the attorney of such
prochein ami.   But an officer is not entitled to receive
payment before the execution issues, nor after the re-
turn day thereof, because prior to the issuing of the
writ the exercise of his official functions has not been
invoked, and after its return day his power to act, ex-
cept for the purpose of disposing of property already
levied upon, has terminated.   If a payment is made
to him, it can be received only in his private capacity.
He is no longer the agent of the plaintiff nor of the
law; and a payment to him, unless ratified or accepted
by the plaintiff, is manifestly inoperative."

This court has declared the following rules as to pay-
ments made to the sheriff and to the plaintiff's attorney.

An execution issued upon a judgment which has
been satisfied, but of which satisfaction no entry is
made on the record, is not void, but voidable merely.—
*Boren, et al. v. McGehee*, 6 Port. 432, 31 Am. Dec. 695

The payment by a sheriff of an execution in his hands
is a satisfaction of it if the parties so elect to treat it,
although no indorsement or return of satisfaction is
made or entered.—*Mooney & Black v. Parker*, 18 Ala.
708; *Houston v. Critchfield's Adm'r*, 22 Ala. 76; *Poe
v. Dorrah*, 20 Ala. 288, 56 Am. Dec. 196.

A sheriff has no authority, after he has gone out of
office, to receive payment of an execution which he has
returned; yet, if he receives the money and pays it
over to the plaintiff's attorney by whom it is accepted
as a payment, the payment is good, and the execution
thereby discharged.—*Dubberly v. Black's Adm'r*, 38
Ala. 193; *Chapman, Lyon & Noyes v. Cowles*, 41 Ala.
103, 91 Am. Dec. 508.

The payment of money to the sheriff having an ex-
ecution satisfies it, and, if the plaintiff fails to receive

it, his only remedy is against the officer.—*Webb v. Bumpass,* 9 Port. 201, 33 Am. Dec. 310.

A levy and seizure of goods to satisfy the execution is a satisfaction thereof to the extent of the value of the goods, as to the defendant in execution. If they are lost or wasted by the sheriff, the plaintiff's remedy is against him.—*Webb v. Bumpass,* 9 Port. 201, 33 Am. Dec. 310; *Campbell, use, etc., v. Spence,* 4 Ala. 543, 39 Am. Dec. 301.

Code, § 4079, provides as follows: "The clerk must issue executions on all judgments in favor of the successful parties, as soon after the adjournment of court as practicable, within the time prescribed by this Code, unless otherwise directed. The writ must be signed by the clerk, and tested on the day it is issued."

The issuing of the execution is a ministerial act, and may be delegated orally. This court, in the case of *Davidson v. Wiley,* 31 Ala. 452, construed the phrase "unless otherwise directed," to mean, unless ordered by the court. In that case this court said: "The only way in which we can give effect to the words 'unless otherwise directed,' as used in section 2423 of the Code, is to treat them as meaning unless otherwise directed *by the court rendering the judgment.* We are forced to treat them as meaning that, or to deny them any sense, meaning, or effect. And we do not feel authorized to deny them any sense, meaning, or effect." Judge Stone dissented in that case, holding that the court had no such power, and that the execution must issue as provided unless the judgment itself "otherwise directed."

It is difficult to understand how the action of the trial court in excluding all the evidence can be justified. Much of it was unquestionably competent and relevant to the issue. How it is possible to exclude competent

and relevant evidence without committing error is a question of some difficulty. I know that it is attempted to be answered by saying, "Yes, it is confessedly error, but error without injury." Is it a practice to be encouraged, to deliberately err, for the reason that no injury will result, rather than achieve the same result without erring? Why violate the statutes and therefore the law, when you can obtain the same result by obeying the statutes and the law? Is it not a travesty, and a non sequitur, for a trial court to exclude all the testimony in a given case, and then straightway instruct the jury that, "if they believe the evidence (there being none, because excluded), they must find for the defendant"? Why resort to this circuitous and self-contradictory practice when the statutes expressly provide for achieving the same result by a simple, reasonable, and consistent method? Is it better to sin, because no evil will result, or to be righteous because good will come of it?

The trial court is probably excused because the practice has been long sustained by this court, though its error has been often noted. The views of the writer have been fully expressed in the case of *Scales v. Central Iron & Coal Company,* 173 Ala. 639, 55 South. 821.

What is said above as to the practice of excluding all the evidence, and directing a verdict, are the views of the writer only.

We are not, however, persuaded in this case that this error of excluding competent and relevant evidence was without injury. As we have attempted to show, this evidence, if allowed to remain, would justify an inference by the jury that an execution was issued as required by the statute, and (if so) that it was in the hands of the sheriff when the defendant made the payments to that officer, which he testifies to having made;

and, such inference having been drawn by the jury, it would not be disputed that the judgment was paid, and that the present execution ought to be quashed and its enforcement restrained.

It was also open for the jury to infer that the plaintiff had authorized the sheriff, as its agent, to collect from the defendant the amount of this judgment, whether an execution had issued or not; and, they so finding, the result would have been different.

For the error pointed out, the judgment is reversed, and a new trial ordered.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, and SAYRE, JJ., concur. SOMERVILLE, J., concurs in conclusion. McCLELLAN, J., not sitting.