## Henderson v. Planters & Merchants Bank.

*Supersedeas.*

(Decided November 7, 1914. 66 South. 473.)

*Appeal and Error; Finding; Conflicting Evidence.*—Where the evidence was conflicting as to whether the sheriff had an execution in his hands at the time the payments were alleged to have been made to him, so as to bind defendant, a finding by the court in a supersedeas proceeding to quash an execution, that the execution was not in the hands of the sheriff at the time of the alleged payment to the sheriff, the sheriff having absconded, will not be set aside on appeal.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Statutory supersedeas by J. E. Henderson against the Planters & Merchants Bank of Ozark. From a judgment dismissing the writ, petitioner appeals. Affirmed.

See, also, 178 Ala. 420, 59 South. 493.

RILEY & CARMICHAEL and W. W. SANDERS, for appellant. The verdict of the jury was clearly contrary to the great weight of the evidence, and did not support the verdict.—*Lynn v. McGowan,* 156 Ala. 462; *Carter v. Fulgham,* 134 Ala. 242. The verdict was contrary to the charge of the court.—*Wolf v. DeLage,* 150 Ala. 445.

J. E. Z. RILEY, for appellee. It is a familiar principle that the appellate court will not disturb the finding of the trial court on conflicting evidence.—*Cobb v. Malone*, 92 Ala. 635, and cases following the same.

MAYFIELD, J.—This proceeding is a statutory supersedeas, a substitute for the common-law writ of audita querela, intended to prevent the abuse of judicial process. Appellant seeks to quash an execution issued out of the circuit court of Coffee county, against him and in favor of appellee, upon the ground or for the alleged reason that the execution had been paid. An issue was made up in the circuit court, based upon a written agreement, which authorized the jury to find if any one or all of the several disputed payments on the execution were made. These several payments aggregated $1,628. The jury found that none of these disputed payments was made; and, if not made, it is conceded that the execution could not be quashed. It is also conceded that if all of these items had been paid as claimed, there would still remain due a balance on the execution, and it could not be quashed, but that it should be enforced only for the balance due. Appellant, defendant in execution, made a motion for a new trial, which was disallowed, and he appeals, assigning errors on the main trial, and also as to the denial of the motion for a new trial.

It would do no good to review or to discuss the evidence. Suffice it to say that it was in dispute and conflict as to each of the items of payment claimed to have been made. It was therefore a question of fact for the the jury, under the agreement and the evidence, whether either or all of the payments claimed to have been made were actually made.

[Henderson v. Planters & Merchants Bank.]

This is the second appeal in this case. See 178 Ala. 420, 59 South. 493, where the subjects and questions involved were discussed at some length. There have been two trials of these issues—with the same result. On the former trial the court excluded all the evidence of the petitioner and directed a verdict, which we held to be reversible error. On this trial the questions were submitted to the jury, and they found against the petitioner.

If the evidence of the petitioner be true, the result of this proceeding wrought a great hardship upon him by requiring him to twice pay, in part, the judgment in this case. On the other hand, it is conceded that the amount in controversy has never been paid to the plaintiff in execution. It was paid to an absconding sheriff, who failed to account for it to either of the parties.

The real dispute is as to whether an execution issued, and was in the hands of the sheriff, when the payments were made to him, so as to authorize him to collect the unpaid balance of the judgment. The evidence is in dispute on this point; and, while we are doubtful as to the true facts in the case, we are not willing to disturb the finding of the jury, nor the action of the trial judge in refusing the affirmative charge, or in denying the motion for a new trial. It, therefore, follows that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.