This is the second time this case has been before this Court. The case was tried to a jury in 1993. Subsequently, the trial court ordered a new trial. The new-trial order was appealed, and in 1995 this Court reversed and ordered that the jury verdict be reinstated. Third Generation, Inc.v. Wilson, 668 So.2d 518 (Ala. 1995).[1]
The trial court reentered a judgment on March 11, 1996. That judgment awarded punitive damages of $125,000 to Third Generation, Inc. ("TGI"), and awarded certain items of inventory ("the inventory") to Wilson.
On August 2, 1996, Wilson moved, pursuant to Rule 60(b)(3) and (b)(6), Ala.R.Civ.P., for relief from the judgment, based upon a claim of perjured testimony. The trial court granted relief on this motion, with an order dated November 8, 2000. That order directed TGI to accept the inventory as partial satisfaction of its judgment against Wilson.
From the motion itself, it was obvious that the value of inventory was in dispute at trial. Wilson called Michael Worley, who was familiar with the inventory, as a witness in the 1991 trial. He testified that in his opinion the inventory had no value. Benjamin F. Harbin III, the president of TGI, testified that the inventory had a value of $63,000.[2]
Wilson's Rule 60(b) motion is predicated upon the idea that because TGI would not agree, in exchange for the inventory, to offset $63,000 of its judgment against Wilson in 1996, then Harbin must have given perjured testimony as to the 1991 value of the merchandise. That is a stretch we cannot make.[3] Even if we could make it, perjury is not a fraud on the Court, which is a Rule 60(b)(6) ground, but intrinsic fraud, which is a Rule 60(b)(3) ground. Brown v. Kingsberry, 349 So.2d 564 (Ala. 1977),Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App. 1987), Lockwood v.Bowles, 46 F.R.D. 625 (D.D.C. 1969).
A Rule 60(b)(3) motion must be filed within four months after the judgment is taken. The very latest that the judgment was taken in this action would have been March 11, 1996, when the trial court reentered the judgment pursuant to this Court's order. Wilson's motion was not filed until August 2, 1996. It was untimely, as TGI argued in the trial court.
TGI contends that the trial court's entry of the November 8, 2000, order was an abuse of discretion in that it denied TGI relief to which it says it was clearly entitled by the judgment ordered by this Court and entered by the trial court on March 11, 1996. Consequently, TGI petitions for a writ of mandamus directing the trial court to set aside its November 8, 2000, order. *Page 91 
Mandamus is an extraordinary writ that will not issue absent "a clear showing of injury to the petitioner" and "a clear abuse of discretion by the trial court," or [if] the petitioner has some other adequate remedy,"Ex parte J.E.W., 608 So.2d 728, 729 (Ala. 1992). Nevertheless, the writ is appropriate in this case, for two reasons.
Rule 60(b) requires that a motion for relief from a judgment based on fraud or misconduct of an adverse party be filed within four months of the judgment.[4] The judgment was reentered on March 11, 1996. Wilson did not file his Rule 60(b) motion until August 2, 1996. This was a delay of more than four months, and the delay made the motion untimely. We hold that the entry of the November 8, 2000, order was an abuse of discretion in that it granted relief on an untimely petition.
We also hold that the trial court abused its discretion in ordering TGI to accept the inventory in question at the full value testified to at trial. The order states that "[u]nder the law of this state, after a money judgment has been rendered, subsequent facts may be shown in equity to be full settlement by receipt of the equivalent value in some form other than in direct payment of money."
This language is a paraphrase of dictum found in Rochelle v. Rochelle,235 Ala. 526, 179 So. 825 (1938), a case in which this Court held that a decree for permanent alimony on an absolute divorce, as to past-due payments, was a fixed money judgment that could be discharged only as any other such fixed money judgment. Rochelle v. Rochelle, 235 Ala. at 529,179 So. at 828. Immediately after this holding comes the dictum paraphrased in the trial court's order. The full language is as follows:
 "This does not of course mean that after a money judgment it cannot be shown that subsequent facts have occurred which are in equity a full settlement by the receipt of equivalent value in some form other than in a direct payment of money, or that the sheriff with execution has collected it, without making account of such collection. Henderson v. Planters' Merchants' Bank, 178 Ala. 420, 59 So. 493."
Rochelle, 235 Ala. at 529, 179 So. at 828. Taking this language in the context of the full opinion in Rochelle and with the opinion inHenderson,[5] we think it clear not only that Rochelle and Henderson
are factually distinguishable from the present case, but also that that language is dictum and is not sufficient to justify the trial court's order.
There has been no acceptance by TGI of the inventory. Nor, in fact, is there any indication that the inventory is now of "equivalent value" to TGI's outstanding judgment against Wilson.
If the trial court's order were allowed to stand, TGI would suffer a clear injury. Although TGI stands by Harbin's testimony *Page 92 
as to the inventory's 1991 value, both parties now admit that the inventory is essentially worthless. The trial court's order would force TGI to accept that inventory to offset $63,000 of its judgment. In light of this potential injury, and for the reasons stated above, TGI is entitled to a writ of mandamus. The trial court is directed to set aside its order of November 8, 2000.
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] For a description of the relationship between the parties and a more complete statement of the facts, see our opinion in ThirdGeneration, Inc. v. Wilson.
[2] Wilson's motion alleged that Harbin's testimony was perjurious.
[3] The record indicates a number of possible reasons for a decline in the value of the inventory between 1991 and 1996. For instance, there was testimony at trial that, in 1991, TGI had arrangements to sell the merchandise to various vendors. There was also testimony that the supplier had committed to repurchase any of the inventory that failed to sell.
Moreover, there is the very nature of the inventory itself. The bulk of the inventory consisted of novelty pins and magnets. These items featured several musical groups that enjoyed popularity in the late 1980s and early 1990s. By 1996, their popularity had fallen precipitously. That fall in popularity could explain the concurrent decline in the value of the inventory.
[4] Wilson's motion was made pursuant to Rules 60(b)(3) and 60(b)(6). Rule 60(b)(6) provides for motions based on "any other reason justifying relief from the operation of the judgment," and it does not specify a time limit — other than "within a reasonable time" — for filing the motion. However, Wilson's motion limits itself to fraud or misconduct and thus falls entirely under Rule 60(b)(3). See Ex parteHartford Ins. Co., 394 So.2d 933, 935-36 (Ala. 1981), and State ex rel.Taylor v. Nelson, 535 So.2d 178, 180 (Ala.Civ.App. 1988).
[5] In Henderson, this Court held that, in order to determine whether a judgment had been satisfied, a jury could consider evidence that a sheriff had authority to collect on a judgment and that he had done so.Henderson v. Planters' Merchants' Bank, 178 Ala. 420, 429-30, 59 So. 493,495 (1912).