This is a workmen's compensation case
The Circuit Court of Mobile County awarded benefits to the widow of the deceased employee. The employer appeals and we affirm
At trial, the parties stipulated that the only issue in dispute was whether the accident which resulted in the death of the employee arose out of and in the course of his employment The trial court found the issue in favor of the deceased employee's spouse
The sole issue presented to this court for review is whether the trial court erred in finding that the accident which resulted in the employee's death arose out of and in the course of his employment
At the outset, we note that in workmen's compensation cases, if there is any legal evidence to support the trial court's findings, those findings will not be disturbed on appealBarfield v. General Steel Tank Co., Ala.Civ.App.,370 So.2d 1005, writ denied, 370 So.2d 1008 (1979); Republic SteelCorp. v. Kimbrell, Ala.Civ.App., 370 So.2d 294, writ denied,370 So.2d 297 (1979). We find that there is ample evidence to support the finding of the trial court
The record reveals the following:
The employer is the owner of an automobile repair shop. The employee worked in that shop as an automobile mechanic. The employee was paid on a "commission" basis. One of the employee's duties was to accompany the employer to the homes of customers to pick up their automobiles and drive the automobiles back to the shop for repair *Page 406 
On April 25, 1975, the employer and the employee left the shop and drove to the home of a customer to pick up an automobile and bring it back to the shop. When the employer and employee left the customer's home the employee was driving the customer's automobile and the employer remained in his own automobile. After driving some distance the customer's automobile overheated, requiring the employee and employer to stop and add water to its radiator. After filling the radiator the employee realized that it was near five o'clock and time for him to pick up his wife from work and take her home. The employer granted the employee permission to pick up his wife before returning to the shop with the customer's automobile
The employee, while on his way to pick up his wife, was involved in an automobile accident. The employee sustained injuries from which he later died
The record also shows that the employee's working hours were from 8 o'clock in the morning to 6:30 o'clock in the evening and that the employee occasionally worked until 8 o'clock in the evening. There is also evidence that the employee left work each day at approximately 5 o'clock in the evening to pick up his wife. The employee always returned to work after taking his wife home. The employer testified that the employee took this time in lieu of a regular lunch break at noon
From the above, we find that there was ample evidence from which the trial court could conclude that the employee's journey was a dual purpose one, a journey which served the purposes of both the employer and the employee. Accidents occurring during such journeys arise out of and in the course of employment if the trip involves performance of a service for the employer which would have necessitated a trip by someone if the employee had been unable to perform that service in connection with his personal journey. Patterson v. Whitten,57 Ala. App. 297, 328 So.2d 301 (1976); Marks' Dependents v. Gray,251 N.Y. 90, 167 N.E. 181 (1920); Larson, The Law of Workmen'sCompensation, §§ 18:00, 18:12
In the instant case, the employee left the employer's shop for the purpose of picking up a customer's automobile and delivering the automobile to the employer's shop for repair Driving the customer's automobile to the shop was part of the employee's job as a mechanic. It is clear that someone would have had to pick up the customer's automobile and drive it to the shop if the employee was unable to do so. The employee's personal purposes did not initially prompt the journey and the idea that the trip could serve his personal purposes, as well as those of his employer, did not occur to the employee until after the journey had begun. Further, the employee undertook his personal errand with the express permission of the employer. See, Patterson v. Whitten, supra. Finally, at all times during the journey, even while the employee was traveling to his wife's work place, the employee was performing the service which initially prompted the journey; that is, driving the customer's automobile from the customer's home to the shop
The employer, through able counsel, argues in brief that the rules applicable to cases where the accident occurred while the employee was traveling to or from work govern the instant caseSee, e.g., Wiregrass Comprehensive Mental Health Clinic vPrice, Ala.Civ.App., 366 So.2d 725 (1978); writ denied,366 So.2d 728 (1979); Union Camp Corp. v. Blackmon, 289 Ala. 635,270 So.2d 108 (1972). The employer in making this argument apparently relies on the evidence indicating that the employee was on his "lunch hour" at the time of the accident. However, we find that this evidence does not, in and of itself, require the application of the above mentioned rules
 "When an employee, in the course of his normal journey off the premises to and from work, performs some concurrent service for his employer, the question whether the trip becomes an exception to the usual rule excluding off-premises going and coming journeys is determined by the same principles that apply to dual purpose journeys." *Page 407 
Larson, § 18.21. As stated above, there is ample evidence from which the trial court could conclude that the employee's journey was a dual purpose one. Specifically, there is evidence that the employee was, at all pertinent times, actively performing a service for the employer, namely driving the customer's automobile to the employer's shop for repairPatterson v. Whitten, supra.
For the above reasons, we find that the trial court did not err in finding that the accident arose out of and in the course of employment
The case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur