The plaintiffs sued the defendant for a commission the defendant owed plaintiffs from a large sales transaction.
After an ore tenus hearing, the trial court entered judgment "for the plaintiff" in the amount of $5,082.
Defendant appeals and we affirm.
Viewing the record with the attendant presumptions, the following is revealed: Mr. Kirby, the used car manager of Treadwell Ford, was involved with the plaintiffs in a sales transaction in which Treadwell Ford bought a large number of Thunderbird cars. The transaction involved approximately a quarter of a million dollars. At the time of the transaction, the Thunderbird car was selling well, but was apparently hard for dealers to acquire. The plaintiffs actively participated in the transaction. *Page 861 
An agent of the seller of the Thunderbirds testified he dealt personally with some of the plaintiffs in conducting the sale, but not with Mr. Kirby, Treadwell's employee. Mr. Kirby testified Mr. Treadwell, the president of Treadwell Ford, agreed to the sales, and agreed to pay at least one of plaintiffs a commission of $100 per car. The plaintiffs understood they were to receive a commission of $100 per car. Mr. Treadwell denied approving the commission, and denied Mr. Kirby had the authority to offer it.
On appeal the defendant, through able counsel, contends the plaintiffs did not meet the burden of proving Mr. Kirby was Treadwell Ford's agent with either apparent or actual authority to bind Treadwell, and in effect that the judgment was defective for want of specificity.
At the onset we note that whether any agency relationship exists is a question of fact for the trial court, and, as such is subject to the ore tenus rule. Hunt v. Davis, 387 So.2d 209
(Ala.Civ.App.), cert. denied, 387 So.2d 213 (Ala. 1980). When evidence is heard ore tenus, the judgment is presumed correct and will not be disturbed on appeal unless it is plainly and palpably erroneous. Cedarwood Associations, L.T.D. v. Trammell,410 So.2d 50 (Ala. 1982), 2A Ala. Digest, Appeal and Error, Key No. 931 (1).
There is evidence, if believed, that would establish an agency relationship existed between Mr. Kirby and Treadwell Ford. Testimony by Mr. Kirby and Mr. Treadwell indicated it was part of Mr. Kirby's job to buy used cars for Treadwell Ford.
Since the evidence supports a finding of the agency relationship, it is next necessary to determine if the evidence supports a finding of either actual or apparent authority on Mr. Kirby's part to bind Treadwell Ford in this case. Actual authority can be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him to act on the principal's behalf. Continental Cas. Co. v. Holmes, 266 F.2d 269 (5th Cir.), cert. denied, 361 U.S. 877, 80 S.Ct. 140,4 L.Ed.2d 114 (1959). Mr. Kirby testified that Mr. Treadwell approved both the transaction and the commission.
The evidence would also support a finding of apparent authority of Mr. Kirby to bind Treadwell. Between the principal and third parties, mutual rights and liabilities are governed by the apparent scope of the agent's authority which the principal has held out the agent as possessing, or which he has permitted the agent to represent that he possesses. Hunt v.Davis, supra. Furthermore, a principal may vest his agent with apparent authority to perform an act by omission as well as commission, and such authority is implied where the principal passively permits the agent to appear to a third person to have the authority to act on his behalf. Hunt v. Davis, supra. The evidence, without detailing such, of the overall transaction and the surrounding circumstances would support a finding of apparent authority, to wit, past transactions.
Since the evidence would support a finding of either actual or apparent authority on Mr. Kirby's part, Treadwell Ford was bound by Mr. Kirby's agreement to pay the commission.
Defendant next asserts error in that the court "found in favor of one undesignated Plaintiff in a suit by [multiple] Plaintiffs seeking a joint recovery on a single transaction. . . ."
The entire judgment read: "Judgment by Court for the Plaintiff and against the defendant for the sum of $5,082.00, and cost of court." Such a judgment is sufficient under rule 58, A.R.Civ.P.
There is no apparent harm to defendant in this instance since he may pay the amount of the judgment to the clerk of the circuit court pursuant to Ala. Code § 12-17-93 (3) (1975). Payment to some person authorized by law to receive the judgment may operate as a release or satisfaction of a judgment. Henderson v. Planters' *Page 862 and Merchants' Bank of Ozark, 178 Ala. 420, 59 So. 493 (1912). Since the clerk is authorized by law to receive the judgment, defendant may apparently satisfy the judgment by paying it to the clerk. Hence, no harm to defendant appears to occur due to any lack of specificity in the judgment. If the clerk has any reluctance concerning disbursement of any funds deposited in the instant matter, such may be clarified, if appropriate, by use of rule 60 (a), A.R.Civ.P.
In view of the above, we find no error requiring reversal.
The judgment is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.