This is a workmen's compensation case. Employer, Wayne Mayes, appeals from a ruling in favor of his former employee, Charles H. Dake.
On August 1, 1977, employee was injured on the job when he hurt his back. Employer was promptly notified and employee received workmen's compensation benefits from the date of injury through November 14, 1977, when it was thought employee was able to work again. On March 26, 1978, employee was hospitalized and a spinal fusion performed. He received workmen's compensation benefits from that date until January 8, 1979. The last check was issued by employer's insurance carrier, Employer's Insurance Company of Alabama, January 18, 1979, and employee negotiated it January 26, 1979.
Employee worked for another employer through November 30, 1979, until he was again hospitalized for back pain. Shortly before, it had been discovered the spinal fusion had not taken. It is conceded that all hospitalizations were continuations of the earlier injury and were proximately caused and related to the August 1, 1977 accident.
Employee, who has only a fourth-grade education, stated he had a conversation in late August 1979 with Smith, the insurance carrier's adjuster. In that conversation he told Smith the fusion had not taken but he had not missed any time from work. In response, Smith told him if ever he needed anything all he had to do was call. Smith did not recall such a conversation.
Employee contacted Smith again in early December 1979, while in the hospital. He told him he needed some medical equipment upon his discharge. Employee says Smith told him he needed his medical reports and a disability rating to get everything started. Smith recalls that conversation.
Employee contacted an attorney December 26, 1979. The attorney took information from employee and confirmed it with the carrier. Later, in a conversation with Smith the attorney says he was told that all that was needed was employee's medical records to complete the file. After obtaining the medical records, the attorney says Smith verified that the records satisfied the insurance carrier's requirements. The attorney forwarded the records to the carrier and they were received Friday, January 25, 1980. The carrier subsequently denied employee's claim on the ground that the statute of limitations had expired on Sunday, January 27, 1980. *Page 273 
Employee filed suit February 22, 1980. Claim one is for workmen's compensation benefits. Claim two seeks damages against the insurance carrier for fraudulent misrepresentations made, leading employee to fail to bring suit within the statute of limitations.
The court ordered a severance of the claims. After a hearing of the first claim, the court found employee's claim for medical and hospital expenses was not barred by the statute of limitations, but his claim for compensation benefits was barred.
A Rule 60 (b)(6), A.R.Civ.P. motion, claiming perjury of Smith at the original hearing, was filed some twenty months after judgment on the claim. Hearing on the motion was five months thereafter. Judgment was entered on October 21, 1982, setting aside the judgment of September 1980 and awarding to employee compensation benefits for permanent total disability. The court based its judgment on the finding that the statements and conduct of Smith were primarily responsible for employee's delay in filing suit. Employer appeals. The only issue presented on appeal is whether there is evidence to support the factual finding that the conduct of the employer (his agents) was primarily responsible for delaying suit.
Actions for workmen's compensation must be brought within one year from the date of the injury or from the date of last payment of compensation, if compensation has been paid. §25-5-80, Code 1975. Employee last received compensation payment on January 26, 1979. Suit was brought February 22, 1980, more than one year later. However, our supreme court has said that if an employer or carrier, or their representatives, in dealing with the employee conduct themselves in such a manner as to mislead the claimant into believing he can postpone the filing of his claim beyond one year, the employer is estopped from asserting the statute of limitation. Ex parte Youngblood,413 So.2d 1146 (Ala. 1981). See also Dorsey v. United States Pipeand Foundary Co., 353 So.2d 800 (Ala. 1977) for the rule as it was first enunciated.
As noted in Floyd v. Housing Authority of City of Troy,397 So.2d 136 (Ala.Civ.App.), cert. denied, 397 So.2d 139 (Ala. 1981), there must be some overt act on the part of the employer or his carrier or representatives that lulls employee into inaction before estoppel can be asserted. See Blackmon v. R.L.Zeigler Co., 390 So.2d 628 (Ala.Civ.App.), cert. denied,390 So.2d 635 (Ala. 1980).
The trial court found that the statements purported to have been made to employee and his attorney by the carrier's representative were, in fact, made and that those statements, when coupled with the past conduct of the carrier, induced employee to forebear the filing of the complaint until the period of limitation had expired.
This court has stated that we will not examine the weight or preponderance of the evidence in reviewing workmen's compensation cases, but will look only to see if there is any legal evidence to support the trial court's findings.Montgomery v. Mardis, 416 So.2d 1042 (Ala.Civ.App. 1982).Abercrombie v. Hunter's R O Cafe, Inc., 414 So.2d 124
(Ala.Civ.App. 1982); Sun Papers, Inc. v. Jerrell, 411 So.2d 790
(Ala.Civ.App. 1981). The determination of whether the employer or the carrier, or their representatives, were primarily responsible for a delay is a question of fact for the trial court. Ex parte Youngblood, supra. There is evidence in the record supporting the trial court's finding.
Employer submits that (1) the acts and representations of its representative as a matter of law were not primarily responsible for causing employee to delay filing suit until statute of limitation had expired and, (2) that the employment of counsel who is aware of the statute should prevent any representations of employer being claimed responsible for causing delay.
There is merit in the contention that the securing of legal representation for the purpose of prosecuting a claim for workmen's compensation should be an element for consideration in determining whether actions or representations of the employer are primarily *Page 274 
responsible for a delay in bringing suit. Certainly, there would be a duty upon the attorney in such a case to bring suit before the expiration of the statute of limitation or to secure a waiver of the statute. However, in this case there was evidence of the former recognition of the claim, payment on it by the insurer and development of a relationship of trust and reliance by claimant upon the agent of the insurer. The court could have determined that because of such reliance and representation of the agent that if he were furnished medical reports concerning claimant's present condition, compensation would be resumed, claimant was lulled into not seeking legal aid until eleven months of the statute had expired. The court could have further found that an attorney was consulted only to aid in expediting procurement of the requested medical records. That was the service performed by the attorney. Based upon the evidence and its reasonable inferences, we cannot find that the judgment of the trial court is without support, both in fact and in the law of Youngblood. We must therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.