BRADLEY, Judge.
This is a workmen’s compensation case.
Terry L. Horton was employed by J.B. Construction Company as a steel fitter. Horton suffered a knee injury while working for employer, on March 26, 1981. Neither party disputes that employee was injured within the line and scope of his employment. Shortly after injuring his knee, employee went to see Dr. Lammons, the company doctor, who told employee that he (employee) had pulled a ligament in his knee. Dr. Lammons then sent employee to see Dr. McGinley, an orthopedic surgeon, after discovering that employee’s injury was more serious than a pulled ligament. Dr. McGinley first saw employee on May 6, 1981, and operated on employee’s knee on *1087 May 28, 1981. Employee then returned to work on August 7, 1981 and was released from Dr. McGinley’s care on October 15, 1981.
Employer’s workmen’s compensation carrier, United States Fidelity and Guaranty, paid Dr. McGinley’s bills incurred in his treatment of employee. Employee was paid temporary, total disability benefits for ten weeks. He received his last compensation check on August 17, 1981.
Employee continued experiencing problems with his knee and again visited Dr. McGinley in April 1983. Dr. McGinley told employee that his knee would need to be operated on again. Employee then went to Dr. Russell on September 19, 1983 to obtain a second opinion. Dr. Russell performed surgery on employee’s knee and assigned a disability rating of twenty-five percent of employee's knee function. Employer’s carrier paid for employee’s medical expenses but denied his claim for permanent partial disability benefits.
Employee filed suit for permanent partial disability benefits on September 30, 1983. After a trial, a judgment was rendered on June 7, 1984 awarding employee workmen’s compensation benefits. The trial court amended its order on July 23, 1984.
Employer appeals, contending mainly that employee’s suit is barred by the statute of limitations.
Section 25-5-80, Code 1975, requires that actions for workmen’s compensation be brought within one year from the date of employee’s injury or from the date of the last payment of compensation to employee. Employee in the present case received his last compensation check on August 17, 1981. This action was brought on September 30, 1983. There is no dispute, therefore, that employee’s claim was not timely filed pursuant to section 25-5-80. However, our courts have approved the following exception to the statute of limitations:
“Where a defendant’s representatives so deport themselves in their dealings with a claimant as to mislead or deceive him, whether innocently or with fraudulent purpose, and induce him to postpone the filing of his petition until the period of limitation has expired, the defense of inordinate delay is not available, as a defendant cannot be permitted to benefit from a neglect for which he is himself primarily responsible.”
Mackanitz v. Pittsburgh & West Virginia Ry., 157 Pa.Super. 359, 43 A.2d 586 (1945) (quoted in Dorsey v. United States Pipe & Foundry Co., 353 So.2d 800 (Ala.1977)).
Before an employer can be estopped from asserting the statute of limitations, there must be evidence of an overt act on the part of the employer, carrier, or representative that lulled the employee into delaying the filing of his claim. Mayes v. Dake, 434 So.2d 271 (Ala.Civ.App.1983).
Employee testified that he asked Dr. McGinley on October 15, 1981, the date that the doctor released him, whether he had any permanent disability of the knee. Employee claims that Dr. McGinley replied that he (employee) did not have any permanent disability. Dr. McGinley stated in deposition that he did not recall whether employee had requested a disability rating, and that he had no notes of his conversations with employee. The doctor stated that he recommended that employee return to work on August 7, 1981, and felt that employee had reached maximum medical improvement when he was released from the doctor’s care. The doctor also stated that at the time he released employee, he felt that employee’s knee was permanently disabled. Employee, however, thought that he was fully recovered, particularly since Dr. McGinley recommended that he return to work, which work involved manual labor. Employee testified that he knew that he had only one year in which to file for permanent disability but based his decision not to do so on representations made to him by Dr. McGinley that he was not permanently disabled.
Whether Dr. McGinley was primarily responsible for employee’s delay in filing suit is a question of fact for the trial court. Mayes v. Dake, supra. The trial court, apparently concluding that Dr. McGinley *1088 did, in fact, make the above alleged statement to employee, found, therefore, that Dr. McGinley was primarily responsible for employee’s delay in filing suit. We find such conclusion in keeping with the decision in Ex parte Youngblood, 413 So.2d 1146 (Ala.1981).
Our review in workmen’s compensation cases is limited to a determination of whether there exists any legal evidence to support the trial court’s findings. Montgomery v. Mardis, 416 So.2d 1042 (Ala.Civ. App.1982). We conclude that there is evidence in the record to support the trial court’s finding that Dr. McGinley lulled employee into delaying the filing of his complaint until the period of limitation expired.
In order for employer to be held estopped from asserting employee’s delay in filing his claim as a defense, Dr. McGin-ley must have been employer’s agent or representative when he made the statement lulling employee into delaying the filing of his suit. The trial court so found. Employer contends that the trial court erred in finding that the orthopedic surgeon, Dr. McGinley, was an agent of the employer’s workmen’s compensation insurance carrier. We disagree.
The issue of agency is generally said to be one of fact and, as such, is to be determined by the trier of fact. Moseley v. Lathan, 448 So.2d 341 (Ala.1984); Treadwell Ford, Inc. v. Courtesy Auto Brokers, Inc., 426 So.2d 859 (Ala.Civ.App.1983). Under our standard of review we must search the record to determine whether there is any evidence, or any inference from the evidence, which, if believed, supports the trial court’s conclusion.
Viewing the record with the attendant presumptions, we find the following is revealed: Employee initially visited the company doctor, Dr. Lammons. Eventually Dr. Lammons sent the employee to see Dr. McGinley, an orthopedic surgeon. Dr. McGinley sent various surgeon’s reports and status reports to the carrier at the carrier’s request, and the carrier paid his bill. Dr. McGinley’s records show that he also sent his surgeon’s reports and his report of possible treatment (surgery) to Dr. Lammons.
Whether a person is a representative of either an employer or the employer’s carrier is essentially a question of fact for the factfinder at the trial level. Ex parte Youngblood, supra. And since based on the foregoing there is evidence to support the trial court’s conclusion that Dr. McGinley was the carrier’s representative, we deem this to be a logical extension of the holding in Youngblood that a representative of the employer can act to bind the employer by even his innocent misrepresentations.
We further note that the carrier is equitably estopped from contending Dr. McGinley was not an agent or representative for the carrier. The carrier knew that the company doctor sent the employee to Dr. McGinley. As we previously stated, the carrier received various reports from Dr. McGinley and, when he finished treating the employee, paid the bill. In so doing, the carrier, with full knowledge, impliedly ratified the company doctor’s referral to Dr. McGinley and is thereby equitably estopped from denying that he acted as their agent or representative. See generally, 2A C.J.S. Agency § 84 (1972).
As its final ground for reversal, employer contends that the trial court erred in finding that employee signed a final report and settlement receipt for workmen’s compensation benefits under duress. Employer says that employee knew after signing this document on August Í7, 1981 that no further compensation would be paid, thereby commencing the running of the statute of limitations.
Assuming for argument’s sake that there is no evidence to support the trial court’s finding that the employee signed the settlement receipt under duress, such error would not require the case to be reversed. We have just concluded that the trial court’s finding that Dr. McGinley lulled the employee into not filing his com *1089 plaint within one year of the last compensation payment is supported by the evidence, and therefore, the employer is estopped from asserting the statute of limitations. Consequently, any error committed by the trial court — and we do not concede that there is error — in finding that the settlement receipt was signed under duress is harmless. Rule 45, Alabama Rules of Appellate Procedure.
The trial court’s order is affirmed.
AFFIRMED.
HOLMES, J., concurs in the result and specially.
WRIGHT, P.J., dissents.