475 So.2d 469 (1985)
J.E. NOWLIN, Administrator of the Estate of James E. Nowlin, Deceased
v.
DRUID CITY HOSPITAL BOARD.
Ex parte James E. NOWLIN.
(In re J.E. NOWLIN, Administrator of the Estate of James E. Nowlin, Deceased v. DRUID CITY HOSPITAL BOARD, et al.)
83-1407, 84-178.
Supreme Court of Alabama.
June 14, 1985.
Rehearing Denied August 23, 1985.
*470 Edward F. Morgan, Tuscaloosa, for appellant and petitioner.
Sam M. Phelps and Michael S. Burroughs, Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for appellees and respondents.
Rehearing Denied as to 83-1407 August 23, 1985.
FAULKNER, Justice.
This appeal and petition for writ of mandamus were consolidated for our consideration of whether the trial court erred in granting a motion for relief under Rule 60(b), A.R.Civ.P.
Plaintiff, administrator of the estate of J.E. Nowlin, brought a wrongful death action against the Druid City Hospital Board. On October 12, 1982, the jury returned a verdict in favor of Nowlin for $500,000.00. On November 9, Druid City Hospital Board filed a motion entitled "Motion for Judgment Notwithstanding the Verdict, or in the alternative a motion for a new trial, or in the alternative, a motion for remittitur."
The 90 days given the trial court to rule on the motion as provided for in A.R.Civ.P. Rule 59.1 expired on February 7, 1983, and the motion was denied by operation of law on that date.
On February 9, the trial court in a written order denied the motion for J.N.O.V. and the motion for new trial, but reduced the judgment from $500,000 to $100,000 on the basis of Alabama Code, 1975, § 11-93-2, which states in pertinent part:
"The recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for bodily injury or death for one person in any single occurrence.... No governmental entity shall settle or compromise any claim for bodily injury, death or property damage in excess of the amounts hereinabove set forth."
The 42 days for notice of appeal expired on March 21. On March 23, Druid City Hospital Board appealed the trial court's order reducing the judgment, and on March 30 Nowlin filed a cross-appeal.
*471 On October 25, 1983, 446 So.2d 75, this Court dismissed the appeals as untimely, thus reinstating the $500,000.00 verdict.
Thereafter, on November 9, the Board filed a Rule 60(b) motion for relief from judgment. The trial court granted the motion and again reduced the judgment to $100,000.00 and ordered the judgment satisfied.
Nowlin filed both an appeal and a petition for writ of mandamus. The central issue before us is whether the trial court properly granted Druid City Hospital Board's 60(b) motion.
Although the motion does not state the specific basis for Rule 60(b) relief, the hospital board argues that the trial court's order was the proper means to reduce the judgment to conform with the statute. Druid City Hospital Board contends that relief was appropriate under either Rule 60(b)(5) or Rule 60(b)(6).
Pursuant to Rule 60(b)(5), the hospital board maintains that it was entitled to relief because the "judgment has been satisfied" and because "it is no longer equitable that the judgment should have prospective application." We disagree, since the judgment in this case was for $500,000.00; since only $100,000.00 has been deposited with the clerk of the court in satisfaction of the judgment, Rule 60(b)(5) would be an improper means of relief from the judgment.
Likewise, we also find that relief "for any other reason" under Rule 60(b)(6) was improper. Based upon our review of the record and the trial court's 60(b) order, it appears that the motion was used, in effect, as a substitute for a proper appeal.
Rule 60(b)(6) is a residual clause to cover unforeseen contingencies. 7 J. Moore Federal Practice § 60.27[2] (1985). Considered an extraordinary remedy, Rule 60(b)(6) may not be used to relieve a party from his own failure to take an appeal, City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981), and the provision may not be used to extend the time for appeal. Relief under Rule 60(b)(6) will be allowed only in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981).
In the instant case, the Druid City Hospital Board failed to show any exceptional and compelling circumstances other than those which could have been effectively addressed upon timely appeal. The same grounds raised in post-trial motions and in the untimely appeal were also raised in the 60(b) motion. In fact, the trial judge, in granting the 60(b) motion stated:
"So that is my ruling. The judgment is conformed and modified as I ordered on February 9...."
While we recognize that the trial court was attempting to conform the judgment to the statute, the 60(b) motion was clearly used as an attempt to extend the time for appeal. This will not be allowed.
The statute sets forth the maximum amount of damages recoverable against a governmental entity. It does not, however, limit the amount of the judgment. Section 11-93-2 only becomes operative when a plaintiff attempts to execute on the judgment. Until that time, the issues relating to the constitutionality of the statute and the possibility of recovering any excess from the entity's insurance company are not ripe for our review. Accordingly, the only issue properly before us is the propriety of granting the 60(b) motion. Since we have previously determined that the 60(b) motion was improperly granted, the $500,000.00 judgment stands as final.
We also conclude that appeal rather than mandamus lies in the instant case, since the granting of the Rule 60(b) motion was not by an interlocutory order. This case is one of those rare situations when the order granting 60(b) relief, "when tested by the usual principles of finality," is sufficient to support an appeal. Sanders v. Blue Cross-Blue Shield of Alabama, 368 So.2d 8 (Ala.1979); Ex parte Short, 434 So.2d 728 (Ala.1983).
*472 REVERSED AND REMANDED.
WRIT OF MANDAMUS DENIED.
JONES, ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX and SHORES, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I respectfully dissent from the holding of the majority that Rule 60(b)(5), A.R.Civ.P., was an improper means of relief from the judgment entered.
The judgment in this case was for $500,000.00. Code 1975, § 11-93-2, limits the recovery of damages under any judgment against a governmental entity to $100,000.00. Druid City Hospital Board paid the $100,000.00 statutory maximum recoverable damages to the clerk of the Tuscaloosa County Circuit Court on February 18, 1983. The majority holds that § 11-93-2 becomes operative only when a judgment creditor attempts to execute on the judgment. On the basis of the facts in this case and the law, it is my opinion that such a position is untenable.
Code 1975, § 12-17-93(3), authorizes the clerks of the circuit courts to "receive the amount of any judgment entered in the courts of which they are clerks, either before or after the issue of execution thereon." Generally, payment in full to some person authorized by law to receive a judgment may operate as a release or satisfaction of that judgment. Henderson v. Planters & Merchants Bank of Ozark, 178 Ala. 420, 59 So. 493 (1912). Therefore, payment in full of a judgment to the clerk of the court in which the judgment was entered would operate as a release or satisfaction of that judgment. Treadwell Ford, Inc. v. Courtesy Auto Brokers, Inc., 426 So.2d 859 (Ala.Civ.App.1983).
The majority, in effect, holds that a judgment, which is paid in full to the clerk of the court pursuant to § 12-17-93(3), is not satisfied when the judgment debtor pays the money to the clerk, but, rather, that the judgment is satisfied only when the judgment creditor attempts to execute on the judgment. I do not believe that the law supports the proposition that the failure or refusal of a judgment creditor to take money from the clerk of the court, paid to the clerk by the judgment debtor, results in the continuance of a lien outstanding against the property of the judgment debtor. See, Code 1975, § 6-9-211.
Rule 60(b)(5) specifically provides relief from judgment when the "judgment has been satisfied, released, or discharged." Once payment by a judgment debtor is made to the clerk of the court, the judgment is due to be marked "satisfied." Druid City Hospital Board paid the statutory maximum recoverable damages to the clerk of the court; accordingly, the judgment was due to be satisfied.
I would affirm the judgment of the trial court and hold that Druid City Hospital Board's Rule 60(b)(5) motion was the proper procedure to invoke the operation of § 11-93-2.
MADDOX and SHORES, JJ., concur.