This is a workmen's compensation case.
 The trial court found that the employee was injured in the course of her employment and awarded her workmen's compensation for a permanent and total disability.
 The employer, through able and distinguished counsel, appeals. We affirm.
 The employer in the main contends that the trial court erred in awarding benefits because the employee's injury did not arise "out of and in the course of [her] employment," as required by Ala. Code (1975), § 25-5-31.
 In answering this contention, we note that this case is before this court on certiorari. Ala. Code (1975), § 25-5-81(d). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports those findings, this court will affirm. Lowe v. Walters, 491 So.2d 962
(Ala.Civ.App. 1986); Padgett v. International Paper Co., 470 So.2d 1287) (Ala.Civ.App. 1985).
The record reveals that the employee was employed as a swing manager at the employer's McDonald's store in Foley, Alabama. As swing manager, she apparently clocked in and was paid as an hourly employee, but she also assisted the store's general manager, her superior, with collateral *Page 850 
duties for which she was qualified or trained.
 The employee and the general manager of the Foley McDonald's, Kathryn Simpson, were apparently friends. On the day on which the employee received her injuries, June 29, 1984, the employee and Simpson spent most of the day together at Simpson's apartment. The employee did not have to report for work that day. Simpson was scheduled to report for work at 4:00 P.M.
 Simpson testified that early that afternoon she received a telephone call reminding her that she needed to go to the employer's office in Spanish Fort and pick up the payroll before she reported for work at the Foley store. She and the employee left her apartment in separate cars and drove to the Foley store. At the store Simpson began to collect the paperwork which was apparently required by the employer in order for her to pick up the payroll.
 While Simpson was collecting the paperwork, the employee took some money from the McDonald's petty cash drawer to have keys to the store made. It is apparently undisputed that the employee needed the keys for her employment as swing manager. The employee went to a department store in Foley to have the keys made, but returned shortly because that store did not have the necessary blanks to make the keys. When the employee returned, Simpson had not yet departed for Spanish Fort to pick up the payroll.
 Simpson testified that, since she had not yet left for Spanish Fort, the employee "said that she would take me to Spanish Fort and then we would try and have the keys made in Spanish Fort at a place there because we would have had to gone outside of Foley to have the keys made since they didn't have a blank."
 The two women also agreed that, while on this joint trip to Spanish Fort, they would go to the telephone company and make arrangements for having a telephone installed in the employee's apartment. Simpson apparently wanted the employee to get the telephone, since both she and her roommate were store managers and Simpson needed a way to contact them at home. Simpson stated that she and the employee went to the telephone company to see if she (Simpson) could co-sign for the telephone.
 Simpson and the employee did make the planned stop at the telephone company and, after stopping for gasoline, proceeded to the employer's office in Spanish Fort. On the way the employee's car collided with another vehicle. The employee was seriously injured, and the parties agree that she has been rendered permanently and totally disabled.
 We agree with the trial court that, based upon the totality of the circumstances in this case, the employee's injuries arose out of and in the course of her employment.
 Specifically, we find that this case presents a situation which falls within the dual purpose, or dual capacity, doctrine, i.e., the employee's trip served the purposes of both herself and the employer. Eddie Wallace's Garage v. Arreaga, 406 So.2d 405 (Ala.Civ.App. 1981).
 "Accidents occurring during such journeys arise out of and in the course of employment if the trip involves performance of a service for the employer which would have necessitated a trip by someone if the employee had been unable to perform that service in connection with his personal journey."
Arreaga, 406 So.2d at 406.
 Where the employee is acting in such a dual capacity and the employer derives a benefit from his actions, an injury to the employee during the performance of such acts may be found to have arisen out of and in the course of employment. Lauderdale County Cooperative, Inc. v. Shook, 376 So.2d 199
(Ala.Civ.App.), cert. denied, 376 So.2d 202 (Ala. 1979). See Kennedy v. Cochran, By and Through Cochran, 475 So.2d 872
(Ala.Civ.App. 1985).
In this case one might conclude that the employee was not acting for the employer's benefit in simply driving Simpson *Page 851 
to Spanish Fort to pick up the payroll. Simpson could have driven herself, and, certainly, the employee's presence was not necessary for her to accomplish her mission. However, the employee was clearly acting for the employer's benefit in driving to Spanish Fort to have the keys made. The testimony indicated that the keys, which were apparently necessary for the employee's job as swing manager, could not be made in Foley. Thus, if the employee had not made the trip to obtain the keys in conjunction with Simpson's trip to pick up the payroll, she would have had to make the trip at a later date. Under such circumstances we conclude that the accident which caused the employee's injury arose out of and in the course of employment. Arreaga, 406 So.2d at 406.
 The employer additionally contends that the trial court's judgment is due to be reversed because it does not comply with the requirement of Ala. Code (1975), § 25-5-88, that it set forth findings of fact and conclusions of law. We disagree.
 This court has held on numerous occasions that substantial compliance with § 25-5-88 is sufficient. Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985); Benefield v. Goodwill Industries of Mobile, 473 So.2d 505 (Ala.Civ.App. 1985). Certainly, the trial court's three-page judgment in this case substantially complies with § 25-5-88. The trial court enumerated no less than twelve findings necessary for its conclusion that the employee was entitled to workmen's compensation benefits.
 Moreover, even the employer admits that, if the trial court's findings are merely meager or omissive, this court may refer to the record to determine if the judgment should be upheld. Littleton, 480 So.2d at 1238; Benefield, 473 So.2d at 506. Though in our opinion the trial court's judgment substantially complies with § 25-5-88, at a minimum it was merely meager or omissive, and our review of the evidence shows that the judgment should be upheld.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.