HOLMES, Judge.
This is a workmen’s compensation case.
The employee was injured when he was electrocuted in the course of his employment. He suffered a cardiac arrest, for which he was hospitalized. The employer paid the medical expenses associated with this initial hospitalization, and they are not in dispute in this case.
After his release from the hospital, the employee continued to experience chest pain. Approximately two months after the accident he was again hospitalized for tests to determine the cause of the chest pain. The employer refused to pay for this second hospitalization and accompanying tests.
The employee filed suit in the Montgomery County Circuit Court, which rendered a judgment requiring the employer to pay the disputed medical expenses.
The employer, through able and distinguished counsel, appeals. We affirm.
The employer contends initially that the employee’s suit was barred by the one-year statute of limitations applicable to workmen’s compensation claims. See Ala. Code (1975), § 25-5-80.
There is no question that the employee’s suit was not filed within the one-year limitations period. The trial court found, however, that actions by the employer’s workmen’s compensation carrier, acting as the employer’s agent, had tolled the statute of limitations. We find that there is evidence to support the trial court’s conclusion.
An employer may be estopped from asserting the statute of limitations in a workmen’s compensation case “if the employer or the carrier, or their representatives, in their dealings with the claimant conduct themselves in such a manner, whether innocently or fraudulently, as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitation has expired.” Ex parte Youngblood, 413 So.2d 1146, 1149 (Ala.1981); Mayes v. Dake, 434 So.2d 271 (Ala.Civ.App.1983).
Whether the employer, its carrier, or their representatives were primarily responsible for the delay in filing suit is a question of fact for the trial court. Youngblood, 413 So.2d 1146; Mayes, 434 So.2d 271. In this regard, we note that this case is before the court by way of certiorari. Ala. Code (1975), § 25-5-81(d). Our review is thus limited to questions of law and to an examination of the evidence only to determine if there is any legal evidence to support the trial court’s findings. If there is any legal evidence, this court will affirm. American Automobile Insurance Co. v. Hinote, 498 So.2d 848 (Ala.Civ.App.1986); Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986); Padgett v. International Paper Co., 470 So.2d 1287 (Ala.Civ.App.1985).
As indicated, our review of the record leads us to conclude that there is evidence which supports the trial court’s conclusion that the actions of the employer’s workmen’s compensation carrier tolled the running of the statute of limitations.
The attorney, an officer of the court, who had initially represented the employee testified at trial that, prior to the “running” of the statute of limitations, he had several telephone conversations with someone (he could not remember whom) with the workmen’s compensation carrier regarding the employee’s expenses for his second hospitalization and tests. He testified that the carrier requested additional *1219 documentation that the employee’s physician had determined that the expenses were work related and that he was assured that, if such documentation was furnished, the carrier would pay for the expenses. Clearly there is evidence that such documentation was, in fact, furnished.
The testimony from the attorney, and the reasonable inference therefrom, was that in view of the above the attorney did not prior to the one-year limitation file suit against the employer because he relied on the carrier’s assurance that it would pay for the expenses.
The above facts, to this court, fall within the parameters as indicated by our supreme court in Youngblood and this court in Mayes; therefore, the trial court did not err in its conclusion as to the applicability of the statute of limitations.
We note that we agree with the employer that the record contains evidence which tends to conflict with that recited above. However, it was for the trial court — not this court — to weigh and resolve such conflicting evidence. Mayes, 434 So.2d at 273.
The employer further contends that there was no legal evidence to support the trial court’s conclusion that the employee’s medical expenses, specifically that from his cardio-catheterization, arose from his work-related injury and were, therefore, compen-sable. Essentially, the employer’s argument is that medical causation was not established. See Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App.1982).
With regard to this issue we must again point out that, under the appropriate standard of review, if there is any evidence to support the trial court’s conclusion that medical causation was established, we must affirm. Hinote, 498 So.2d 848. Our review of the record indicates that such evi-dencé does exist.
The evidence shows that the employee continued to complain of chest pain after he was released from his initial hospitalization. Because of those complaints, the employee’s doctor determined that further tests were necessary to determine the cause of the chest pain, including a cardio-catheterization.
The evidence shows that the doctor suspected that the employee might have coronary artery disease, which could be causing the chest pain. The employee had certain cardiac risk factors, i.e., he smoked and had a history of heart disease in his family. After the cardio-catheterization was performed, however, the doctor concluded with certainty that the employee’s continued chest pain “was precipitated by the emotional turmoil that he experienced that was directly related to his accident.”
Such evidence established the necessary medical causation link, i.e., that the chest pains, which necessitated further tests to determine their origin, were caused by the employee’s work-related accident. See Ragland Brick Co., 409 So.2d at 446.
The employer makes much of the fact that it was not until after the cardio-cathet-erization was performed that the doctor could state with certainty that the chest pain was a result of the psychological trauma of his accident. It contends that the test was performed so that the doctor could rule out the possibility of coronary artery disease and that it is, therefore, not com-pensable.
We know of no case law, and none has been cited to us by the employer which would support the employer’s contention. The fact that certain medical tests could not be directly linked to the employee’s accident until after the results of such tests had been obtained would, in our opinion, simply be a factor to be weighed by the trial court in resolving the evidence before it.
In view of the above, the employer’s contention regarding the trial court’s finding of a contract between the employee’s attorney and the employer’s workmen’s compensation carrier is pretermitted.
The employer additionally contends that the trial court erred in overruling its objection at trial to certain opinion testimony of the employee. We find that, if the allowance of such testimony could be *1220 deemed to be in error, it was error without injury and is, therefore, not grounds for reversal. Rule 45, Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.