HOLMES, Judge.
This is a workmen’s compensation case.
The plaintiff seriously injured her hand while shucking oysters. She brought suit against the defendant for workmen’s compensation benefits, contending that her injury arose out of and in the course of her employment with the defendant, a contention the defendant disputed.
The trial court found that the plaintiff was an employee of the defendant at the time of her injury and awarded her workmen’s compensation benefits.
The defendant appeals. We affirm.
The sole issue presented on appeal is whether the trial court erred in finding that the plaintiff was an employee of the defendant at the time of her injury and was thus entitled to workmen’s compensation benefits.
In addressing this issue, we are governed by the limited standard of review applicable when cases come before this court on certiorari, as workmen’s compensation cases do. Ala. Code (1975), § 25-5-81(d) (1986 Repl.Vol.). If there is any legal evidence which supports the trial court’s findings and conclusions, we must affirm. American Automobile Insurance Co. v. Hinote, 498 So.2d 848 (Ala.Civ.App.1986); Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986).
Our review of the record reveals that there is legal evidence which supports the trial court’s conclusion that the plaintiff was employed by the defendant at the time of her injury and that its judgment is, therefore, due to be affirmed.
The plaintiff herself testified that she was “opening oysters” for the defendant at the time she injured her hand. She stated that she had worked for the defendant four to five weeks prior to the injury and that she was paid by the gallon of oysters shucked. She stated that Maxie Carroll, who is an officer of the defendant, had hired her.
The plaintiff further testified that her immediate boss was Janice Garner, who was the manager or supervisor of the defendant’s business operation in Irvington, Alabama, where the plaintiff allegedly worked. The plaintiff testified that Mrs. *1343 Garner directed her work and corrected her if she felt the plaintiff was doing something incorrectly.
The plaintiffs testimony was corroborated by a letter introduced into evidence which Janice Garner had written allegedly for the plaintiff to use following her injury to obtain food stamps. The clear implication of the letter is that the plaintiff had been an employee of the defendant at the time of her injury.
The above evidence supports the trial court’s determination that the plaintiffs injury arose out of and in the course of her employment with the defendant and requires this court’s affirmance.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.