HOLMES, Judge.
This is a workmen’s compensation case.
The employee filed suit against his employer for workmen’s compensation benefits claimed to be due from an injury occurring on December 27, 1984. Following ore terms proceedings, the trial court found that the plaintiff’s disability was caused, not by an injury occurring on December 27, 1984, but by an injury which had occurred in February 1983. Since the plaintiff’s suit had not been filed within one year following the February 1983 injury, the trial court held that the suit was barred by the then applicable one year statute of limitations. Ala.Code (1975), § 25-5-80 (1986 Repl. Vol.).
The employee appeals. We affirm.
As is correctly pointed out by the employer in brief, workmen’s compensation cases come before this court by way of certiorari. Ala.Code (1975), § 25-5-81(d). Under the standard of review on certiorari, this court may not look to the weight of the evidence presented to the trial court. Rather, we review the record only to determine if there is any legal evidence which supports the trial court’s judgment, and, if there is any such evidence, we must affirm. American Automobile Insurance Co. v. Hinote, 498 So.2d 848 (Ala.Civ.App.1986); Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986).
Our review of the record in this case indicates that there is clearly legal evidence which supports the trial court’s determination that the employee’s disability arose from the injury he sustained in February 1983.
It is undisputed that the employee was injured in February or March 1983 when he jumped approximately ten to fifteen feet onto his hands and knees to avoid being struck by a chute which was used to pour concrete. There was evidence that following this injury, although he continued to work, he suffered pain and discomfort in his hands, feet, and knees and visited doctors on several occasions. The employer’s project superintendent testified that in December 1984, the month in which the alleged second injury occurred, he observed that the employee was walking with a sore leg. “He wasn’t getting around good, and you could tell the man was hurting.”
The employee testified that he was injured on December 27, 1984, when “I reached down and picked up two buckets and something in my neck popped.” The employee contends on appeal that there is no evidence to dispute his claim that he suffered an injury on December 27, 1984. We disagree.
Ivan Plyler, who was employed as the project safety engineer for Alabama Power Company at the project where the employee was working on December 27, 1984, testified that a first aid station was maintained at the project site by Alabama Power paramedics under his direction. His testimony was that, to the best of his knowledge, every person who goes to the first aid station to report an injury or receive treatment is recorded in a first aid log. Although the employee testified that he was taken to the first aid station following his December 27th injury, Mr. Plyler testi *1329 fied that there is no record of such a visit in the first aid log.
In addition, the employer’s project superintendent testified that he placed the employee on a leave of absence on December 27, 1984, after communicating with him by telephone or in person. The superintendent testified that the employee told him “that he was not able to work,” but that he did not mention anything about being injured that day.
Finally, we note the deposition testimony of Dr. Richard Morawetz, the plaintiffs own expert. Dr. Morawetz was asked by the employee’s counsel to assume that the employee suffered an injury in March 1983 when he was forced to jump twelve to fifteen feet onto his hands and knees and that he was again injured in December 1984 when he picked up two buckets of cement. Based on these assumed facts, the doctor was asked to give his opinion as to the cause of the employee’s ruptured discs, which are apparently the cause of his present disability. Dr. Morawetz testified that the ruptured discs were more likely caused by the employee’s jumping twelve to fifteen feet than by his picking up the cement-filled buckets.
Significantly, Dr. Morawetz’s opinion is confirmed by the employee’s own testimony before the trial court that it was “that first jump ... when all this pain started coming to me.... It just got worser and worser and worser.”
In view of the above, there is clearly legal evidence which supports the trial court’s judgment that the employee’s disability was caused by his February 1983 injury and that his workmen’s compensation claim was, therefore, barred by the statute of limitations. Accordingly, we must affirm. Hinote, 498 So.2d 848.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.