EDWARD N. SCRUGGS, Retired Circuit Judge.
It was stipulated by the parties at the commencement of the ore terms trial of this workmen’s compensation case that the only real point of contention between the parties was whether or not the plaintiff’s injuries arose out of and during the course of his employment with the defendant employer. After hearing the evidence, the trial court decided the issue in favor of the employer, and the employee timely appealed.
The following facts are revealed after viewing the record in accordance with the applicable presumptions which attend the trial court’s final judgment.
The plaintiff was a truck driver who owned and operated his own 1978 Ken-worth tractor which he leased to and operated for the defendant. The employee decided to replace the Kenworth tractor with a new 1984 International tractor, and the parties executed a new lease agreement in anticipation of that vehicular trade.
On Friday, June 1, 1984, the employer told the employee that it had a load of chickens for him to haul to Chicago. The employee telephoned the dealer in Dothan from whom he was purchasing the new tractor and was informed that it would be ready for delivery to him on the following day.
Since the employee needed to obtain the necessary permits and decals for the new tractor from the employer, he made arrangements for the employer’s manager to meet him at the employer’s office or terminal in Antioch on Saturday after the employee had picked up his new tractor.
Early on that Saturday morning the employee left his home to go to Dothan to take delivery of the International tractor. He was driving his Peterbilt tractor “bobtail” (without the trailer) and intended to return to the employer’s terminal in Antioch “bob-tail” in the new International tractor. While en route to Dothan, the employee was involved in a collision between his old Peterbilt tractor which he was driving and another truck. The employee sustained serious personal injuries.
*82 The plaintiff swore that his trip to Do-than on that Saturday was not on the way to Chicago and that it was not made for the purpose of picking up the load of chickens. The manager testified that he had not dispatched the employee to travel to Dothan on that Saturday and that the employee’s dispatch to Chicago would have been made later that day.
After the ore tenus trial the circuit court dismissed the employee’s complaint. The finding therein was “that at the time of the accident complained of, the Plaintiff was engaged in his own business and was not employed by the Defendant, within the meaning of the Workmen’s Compensation Laws of the State and is not entitled to recover benefits of the Defendant.”
The plaintiff first contends that the judgment of the trial court should be reversed on the ground that it fails to make any finding of fact or of law as is required by section 25-5-88 of the 1975 Code of Alabama.
In view of the only contested issue which was submitted by the parties for the decision of the trial court, the factual finding of the trial court, while meager, was adequate under the statute to meet the issue made. Luther v. M & M Chemical Co., 475 So.2d 191 (Ala.Civ.App.1985).
The employee next argues that there was no legal evidence to support the decision of the trial court inasmuch as he was acting in a dual capacity on the date of the accident since his acts were of such a nature that they served both his purpose and the purpose of his employer.
Our scope of review as to factual matters in a workmen’s compensation case is strictly limited to an examination of all of the trial evidence to determine if any legal evidence was supportive of the factual findings of the trial court. If such evidence is present, we are required to affirm the trial court’s judgment as to the raised issues of fact. We do not consider the weight or preponderance of the evidence, but only whether such supportive evidence exists. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986).
The record discloses that evidence was presented from which the trial court could have aptly concluded that the employee’s journey was not a dual purpose one, but that the Dothan trip served the employee’s purpose but not the purpose of the employer.
Accidents occurring during an employee’s journey are for a dual purpose and “arise out of and in the course of employment if the trip involves performance of a service for the employer which would have necessitated a trip by someone if the employee had been unable to perform that service in connection with his personal journey.” Eddie Wallace’s Garage v. Arreaga, 406 So.2d 405, 406 (Ala.Civ.App.1981) (citations omitted). In the case at bar, that situation simply does not exist. There was no evidence to indicate that, if the employee had not been able to proceed to Dothan to obtain his new vehicle, it would have been necessary for the employer to send someone else to Dothan to perform some purpose of the employer.
It is clear that the employee undertook the Dothan trip for his own benefit. His purchase of a new tractor could conceivably result in an incidental benefit to the employer by providing through the lease a newer, better, more dependable tractor. However, such speculative and incidental benefits do not convert the Dothan trip into a dual purpose one.
For the reasons previously indicated, the employee’s injuries did not arise out of his employment. The decision of the trial court is hereby affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.