I write specially to speak to two separate aspects of the Court's opinion: 1) the opinion's reaffirmance of Nowlin v.Druid City Hospital Board, 475 So.2d 469 (Ala. 1985) ("NowlinI"); and 2) the limitation of § 11-93-2 on the judgment creditor's right to recovery for a single injury against a governmental entity.
This case presents the identical facts used as a hypothetical example in my dissent from the denial of rehearing in St. PaulFire Marine Ins. Co. v. Nowlin, 542 So.2d 1190 (Ala. 1988) (Nowlin II) (rehearing denied, Jan. 13, 1989), to illustrate the proposition that § 11-83-2 does not effect a reduction of the judgment to $100,000 — the statutory cap on the judgment creditor's right of recovery. Notwithstanding Nowlin II's implicit holding to the contrary, a unanimous Court now holds that the $136,750 judgment against Elmore County and the other joint tort-feasors is not reduced to $100,000, only that the judgment creditor is limited in her recovery against the County to the statutory cap of $100,000, and that the unprotected joint tort-feasor is separately and severally liable for the full $136,750 judgment. Query: If the Court in Nowlin II had accepted the "nonreduction of judgment" premise in its analysis of the issue, given the insurer's promise to pay the insured's "obligation as determined by judgment," would it still have concluded that the insurer's obligation was reduced to $100,000? It is interesting to note that the author of the main opinion in the instant case did not vote in Nowlin II on rehearing. At least, he spared himself of participation in the inconsistency of Nowlin II's "reduction of the judgment" holding and *Page 728 
the instant "nonreduction of the judgment" holding.
Finally, I agree that § 11-93-2 limits the right of Mrs. Ragona, as the judgment creditor, so that she can recover no more than $100,000 from Elmore County. There is only one moneyjudgment in this case. That judgment is for $136,750 in favor of Mrs. Ragona ($86,750 compensatory damages and $50,000 punitive damages), against all the joint tort-feasors. The County is entitled to the § 11-93-2 exemption from execution for all sums in excess of $100,000. Unprotected joint tort-feasors are not entitled to the statutory protection against the judgment creditor's right to recover in excess of $100,000. While these indisputable principles verify the present reaffirmance of Nowlin I's narrow holding, that the statutory $100,000 cap on the judgment creditor's right of recovery against the governmental entity does not affect the judgment (the contrary holding in Nowlin II notwithstanding), these same principles, properly applied, bar Mrs. Ragona's right of recovery against the County for all sums in excess of $100,000.
The reasons for this conclusion seem almost too trite to bear recitation. The suit was prosecuted by two separate plaintiffs — Mrs. Ragona and her minor son. Mrs. Ragona's individual suit included a derivative claim for medical expenses resulting from her son's injuries. The son's suit claimed damages for his personal injuries. The jury returned two separate verdicts — one in favor of the son for zero damages, and one for the mother for $150,000. Judgments were entered accordingly, with a remittitur of $13,250, the amount of the pro tanto settlement, from Mrs. Ragona's compensatory damages award, as indicated in the majority opinion. How many money judgments were entered? One and only one — for $136,750 in favor of Mrs. Ragona.
Understandably, Mrs. Ragona urges the Court to use the trial court's conversation with the jury foreman to create the "two injury" recovery. If we give any credence to the juror's explanation (which legally we can not do), the two jury verdicts are rendered illegal as being hopelessly inconsistent. The mother's derivative suit for medical expenses is defeated once the jury finds that the son was not injured. Absent a finding that the son was injured (and the legal effect of the zero verdict is that he was not), the inclusion of any of the son's medical expenses in the mother's verdict is illegal. Furthermore, no part of the $50,000 punitive damages award is attributable to the "second injury." This is true for two reasons: First, the mother's derivative suit arising out of the son's alleged injury will not support an award of punitive damages; and, second, punitive damages will not lie absent a finding of at least nominal actual damages.
But, the Court's opinion indicates that is not the proper approach. The jury's explanation for its zero verdict for the son became no part of the mother's verdict and, consequently, no part of the judgment entered thereon. Therefore, the mother is entitled to proceed against the County to recover the first $100,000 of her $136,750 judgment. She is further entitled to proceed against unprotected individual joint tort-feasors for any part, or all, of her $136,750 judgment. Of course, she can have but one recovery of the full amount of the judgment.