YATES, Judge.
Joan Marie Higginbotham sued Beverly Enterprises, Inc. (“Beverly”), in May 1996, seeking to recover workers’ compensation benefits for an injury she had suffered during the course of her employment. Beverly moved for a summary judgment, arguing that Higginbotham’s action was barred by the two-year statute of limitations applicable to workers’ compensation claims. § 25-5-80, Ala.Code 1975. The trial court entered a summary judgment in favor of Beverly. Higginbotham appealed.
A motion for summary judgment is to be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Hinkle v. Burgreen Contracting Co., 678 So.2d 797 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, then the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Id.
Viewed in a light most favorable to Higginbotham, see Hinkle, supra, the evidence in the record suggests the following facts: Beverly had employed Higginbotham as a licensed practical nurse; in December 1987, after working for Beverly for six months, Higginbotham suffered an on-the-job injury. As a result of her injury, she underwent a spinal fusion in 1988, surgery in 1990 to remove the screws from the fusion, and surgery in 1992 for replacement of hardware in her back. Beverly paid the medical expenses and also paid temporary total disability benefits for 279 weeks; the final payment was made in April 1993. At that time, Travelers Insurance Company, Beverly’s insurance carrier and agent, offered Higginbotham $1,370 to settle her claim for permanent partial disability benefits.
Higginbotham had retained an attorney with respect to another, unrelated, legal matter. That attorney wrote three letters to Travelers in an attempt to get a better settlement. He stated in his third letter, dated January 31, 1994, “Please give me a call and let’s see if we can close out this file.” Travelers did not respond; Higginbotham later sued Beverly.
Higginbotham offered her deposition and affidavit into evidence. She stated in her deposition that she had had contact with employees of Travelers on a regular basis *34 from 1993 through 1996. She testified that the employees had promised her that they were going to send checks in settlement of the weekly amounts that she was to receive either for her temporary total disability or her permanent disability. She said that Travelers agreed that she had had some permanent disability and had agreed that none of the doctors’ reports had indicated that she could return to work. She further testified in deposition that although she was frustrated by Travelers’ failure to follow up with medical treatment plans, weekly checks, and reimbursement for her expenses, such as medications and transportation, she delayed in filing her action, because, she said:
“[Travelers] continuously indicated to me that [it was] in the process of sending me checks and working on a plan of treatment. It was only in March or April of 1996 that I came to the conclusion that [Travelers’] representations about checks in the mail and promised settlements were false. It was at this time that I talked with an adjuster for Travelers who told me that her file reflected that I had received my settlement and that I was being treated with an implanted morphine pump for my pain. Of course, I knew both of these representations to be false and, at that time, contacted my attorney and told him that [Travelers] adjusters had been making false representations to me about their intentions to send checks and to settle my claim.
“It was at that time that my attorney instituted suit in May 1996. I do not believe that my attorney had any contact with my employer or [Travelers] after January 1994, at which time communication resumed directly between [Travelers] and me and I did not think it necessary to call my attorney in to take any further action until the spring of 1996 when I realized that I had been misled by [Travelers] adjusters who had been telling me consistently that my checks should be restarted and that they acknowledged that they owed me for my permanent disability.”
Beverly did not present any evidence disputing Higginbotham’s allegations concerning her communications with Travelers.
Section 25-5-80 provides that “all claims for compensation under [the Workers’ Compensation Act] shall be forever barred unless within two years after the accident ... one of the parties shall have filed a verified complaint,” or, “[w]hen payments of compensation ... have been made,” the two-year period “shall not begin to run until the time of making the last payment.”
In Ex parte Youngblood, 413 So.2d 1146 (Ala.1981), our supreme court held that an. employer may be estopped from asserting the defense of the statute of limitations in a workers’ compensation case “if the employer or carrier, or their representatives, in their dealings with the claimant, conduct themselves in such a manner, whether innocently or fraudulently, as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitations has expired.” Id., at 1149. In Mayes v. Dake, 434 So.2d 271 (Ala.Civ.App.1983), this court noted that “there must be some overt act on the part of the employer or his carrier or representatives that lulls [the] employee into inaction before estoppel can be asserted.” Id., at 273. “The determination of whether the employer or the carrier, or their representatives, were primarily responsible for a delay is a question of fact for the trial court.” Id., at 273.
Higginbotham argues that the summary judgment was inappropriate because, she argues, there remained genuine issues of material fact.
After thoroughly reviewing the record, this court concludes that genuine issues of material fact exist. Clearly, the issue of misrepresentation, estoppel, and whether Beverly or its agent was primarily responsible for Higginbotham’s delay in filing the claim were issues to be resolved by a trial on the merits. We must view the facts in a light most favorable to Higginbotham. Walker v. White Agencies, Inc., 641 So.2d 795 (Ala.Civ.App.1993). The only evidence presented was Higginbotham’s deposition and her affidavit. That evidence clearly suggested ongoing misrepresentations by Travelers, which Higginbotham says lulled her into delaying the filing of her action.
*35 We are aware that an attorney has a duty “to bring suit before the expiration of the statute of limitations or to secure a waiver of the statute.” Mayes, supra, at 274. However, Higginbotham’s testimony in deposition was that her attorney, at the time that he wrote letters to Travelers, was, in fact, representing her on another matter and that he had had no further communication with Travelers after January 1994, at which time communication resumed directly between Higginbotham and the employees of Travelers. This undisputed testimony created a genuine issue of fact to be resolved by a trial on the merits.
The summary judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.